EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS MAGÍN ROSARIO RIVERA, acusado y apelante.

*Número:* CR-67-132      *Resuelto:* 10 de mayo de 1968

---

*E. Armstrong de Watlington* y *Enrique Miranda Merced,* abogados del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue sorprendido por la policía mientras inyectaba con una jeringuilla la droga conocida como heroína a otro ser humano. Trató de huir pero fue capturado. Fue convicto de una infracción a la Ley de Drogas consistente en tener en su posesión heroína. Fue absuelto del cargo de ocultarla y transportarla.

Como único error señala que la prueba no estableció el delito de posesión de drogas narcóticas. Argumenta que la sentencia debe ser revocada porque se aplica lo resuelto en *Pueblo* v. *Márquez Estrada,* 93 D.P.R. 811 (1966), en donde revocamos porque la cantidad mínima que se encontró en una chapa de metal no era suficiente para ser utilizada criminalmente. En dicho caso solamente se encontraron algunos cristales de la droga en la chapa pero la jeringuilla dio negativo. Allí la chapa fue ocupada con motivo del acusado haber sido registrado; no se le sorprendió en el acto de usar la droga. En *Márquez Estrada* al resumir el *ratio decidendi* de aquel caso dijimos, a la pág. 816, lo siguiente:

"Si bien la posesión de los artículos que le fueron ocupados—la aguja hipodérmica y el cuentagotas—suelen usarse para inyectarse los estupefacientes, en el presente caso no hay prueba de que hubieran sido usados para ese fin. Así lo único que puede conectar al acusado con el delito que se le imputó, son los cristalitos que aparecieron en la chapa en cantidad mínima (cabían en la cabeza de un alfiler) y que evidentemente no podían ser usados como estupefacientes."

Como puede verse, allí no hubo prueba de que los materiales hubiesen sido usados criminalmente y lo único que

podía conectar al acusado con el delito eran unos cristales de la droga que por su cantidad ínfima no eran susceptibles de uso. En este caso, por el contrario, la cantidad de la droga que el acusado poseía al ser aprehendido no solamente era susceptible de ser utilizada criminalmente sino que, como cuestión de hecho, estaba así siendo utilizada cuando el apelante fue sorprendido. En el caso de autos, a diferencia del caso de *Márquez Estrada*, la aguja hipodérmica dio positivo. También la chapa. Como dijimos en *Pueblo* v. *Marcial Pérez*, Sentencia de 20 de febrero de 1967, este caso es distinguible del de *Márquez Estrada* pues se trata de una cantidad de droga suficiente para ser utilizada. La prueba más clara de esto es que, como hemos indicado, dicha droga estaba siendo utilizada criminalmente. El error señalado no se cometió.

*Se confirmará la sentencia dictada en 2 de marzo de 1967.*