UNITED STATES of America

v.

Frederick BETHEA, Appellant.

No. 23892.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 28, 1970.

Decided March 22, 1971.

Mr. William P. Bernton, Washington, D. C. (appointed by this Court) for appellant.

Mr. Warren L. Miller, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Vincent R. Alto, Asst. U. S. Attys., were on the brief, for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and JOHNSON,* Chief Judge, U. S. District Court for the Middle District of Alabama.

JOHNSON, District Judge:

Appellant was found guilty by a jury and convicted of knowingly selling or dispensing a narcotic drug (heroin) not in its original stamped package in violation of 26 U.S.C. § 4704(a) [1] (count one), and of knowingly facilitating the concealment or sale of a narcotic drug illegally imported into the United States in violation of 21 U.S.C. § 174 [2] (count two). He was sentenced to serve five years on count one and ten years on count two, the sentences to run concurrently. The sole question raised on appeal is whether the

---

\* Sitting by designation pursuant to 28 U.S.C. § 292(c).

1. 26 U.S.C. § 4704(a) provides in pertinent part that:

> It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package * * *; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found.

2. 21 U.S.C. § 174 provides in part that:

> Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law * * * shall be imprisoned * * *. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.

trial judge erred in denying appellant's motion for judgment of acquittal.

The Government's only witness on direct examination was an Officer Dory of the District of Columbia Police Department. His testimony reflected that on February 1, 1969, at approximately 5:45 a. m., he received information from a reliable source[3] that three men were seated in an automobile parked in the vicinity of the 1300 block of Wallach Place N.W. As he and his partner approached the car, Officer Dory observed the passenger seated in the rear of the automobile placing a gun behind the back seat. The two police officers ordered appellant, who was sitting on the passenger side of the front seat, and the other two occupants—one of whom was sitting in the driver's seat and the other in the back seat—from the car. Appellant was then searched but nothing suspicious or illegal was found on him.

A search of the car by Officer Dory revealed three loaded pistols and a cigarette package containing nineteen small, white capsules. Two of the guns were found under the front seat of the car directly beneath where appellant and the other occupant in the front seat had been sitting. The cigarette package containing the capsules was found behind the back seat next to the gun Officer Dory had seen in the hands of the rear-seat occupant. The capsules were analyzed and a determination made that they contained the narcotic heroin.

At the close of the Government's case in chief, appellant's attorney made a motion for judgment of acquittal alleging that the Government had failed to prove that appellant was in possession of the heroin. The trial judge denied the motion, ruling that "[i]t is a question for the jury to determine whether narcotics were found and whether this defendant was in any wise related to it." It is from this ruling that Bethea appeals.[4]

In this jurisdiction, "[a] motion for acquittal must be granted when the evidence, viewed in the light most favorable to the Government, is such that a reasonable juror *must* have a reasonable doubt as to the existence of any of the essential elements of the crime." Austin v. United States, 127 U.S.App.D.C. 180, 189, 382 F.2d 129, 138 (1967); see Crawford v. United States, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967); Curley v. United States, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). If the evidence is such that a reasonable man may have a reasonable doubt as to the defendant's guilt, the case should go to the jury. Crawford v. United States, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967); Curley v. United States, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, cert. denied, 331 U.S. 837, 67 S.Ct. 1511 (1947). On the other hand, the trial judge should not allow the case to go to the jury if the evidence is such as to permit the jury to merely conjecture or to speculate as to defendant's guilt.

In the case *sub judice*, the question of whether the trial judge erred in denying appellant's motion for judgment of acquittal depends solely on whether Bethea had "possession" of the nineteen capsules of heroin so as to raise the statutory presumptions of 26 U.S.C. § 4704[5] and 21 U.S.C. § 174.[6] There is no question but that the appellant did not have actual possession of the contraband. The Government argues, however, that appellant was in constructive possession of the

---

3. Appellant has raised no questions on appeal concerning the identity of or reliability of the Government informer.

4. In deciding this question, we measure the evidence as it was when the Government rested its case in chief, for that was the point at which the motion for judgment of acquittal was made. See Powell v. United States, 135 U.S.App.D.C. 254,

257 n. 9, 418 F.2d 470, 473 n. 9 (1969) and cases cited therein. We do not, therefore, consider any of the evidence put on by the defense or by the Government on rebuttal.

5. See note 1, supra.

6. See note 2, supra.

heroin because "since no one had actual physical possession of the narcotics and all three had convenient access to the package, it is reasonable to infer that possession and control were shared by all." [7]

To prove constructive possession, the Government must show that the appellant had dominion and control, or the right to exercise dominion and control, over the narcotics. Garza v. United States, 385 F.2d 899, 901 (5th Cir. 1967); Arellanes v. United States, 302 F.2d 603, 606 (9th Cir. 1962). While such possession can be established by circumstantial as well as direct evidence, Eason v. United States, 281 F.2d 818, 820–821 (9th Cir. 1960), and while possession of narcotics may be jointly shared, United States v. Gulley, 374 F.2d 55, 60 (6th Cir. 1967), we are compelled to find that the Government's evidence failed to establish a sufficient connection between appellant's status as a passenger and his proximity to the drugs and possession of the heroin to warrant the case going to the jury.

Merely showing that appellant was a passenger in the car and in proximity to the heroin is, without more, insufficient to support a finding of possession. See Bettis v. United States, 408 F. 2d 563, 567 (9th Cir. 1969); Murray v. United States, 403 F.2d 694, 696 (9th Cir. 1968). Yet this is the only extrinsic evidence introduced by the Government to link appellant to the drugs. While no particular circumstance or set of circumstances will, in all situations, be dispositive of whether a person has constructive possession of narcotics, we cannot help but note that the Government submitted no evidence on its case in chief to show that the appellant was a seller or user of drugs, Garza v. United States, 385 F.2d 899 (5th Cir. 1967), or that he was a close friend of the other occupants, Eason v. United States, 281 F.2d 818, 821 (9th Cir. 1960), or that he had spent a substantial part of the evening with them. Cf. Bettis v. United States, 408

F.2d 563 (9th Cir. 1969). Furthermore, we find the fact that Officer Dory saw the occupant in the rear seat place a gun behind the back seat, combined with the fact that the capsules were found right next to the gun, to be highly significant. From these facts, it would be more reasonable to infer that he, rather than the appellant who was seated on the passenger side of the front seat, had dominion and control over the narcotics. We conclude, therefore, that the finding by the jury that appellant had possesion of the capsules, based on the testimony adduced by the Government on its case in chief, was of necessity based upon sheer speculation.

One final argument raised by the Government merits discussion. The Government contends that "appellant's presence in a parked car at 5:45 a. m., coupled with the presence of a loaded pistol directly beneath his seat and the presence of two other guns in relative proximity to each of the other, men in the car, was indicative of an active association in whatever common purpose or venture those in the vehicle were planning or were already involved in." [8] If this appeal were from a conviction for possession of burglar tools, the Government's "joint venture" theory might have some merit. If what was found beneath appellant's seat and the other occupants' seats were items related to the use of narcotics, such as needles and syringes, rather than guns, the Government's theory might have some merit. Cf. Garza v. United States, supra. While the presence of the three guns in the car may indicate an active association, or even an active association with a common purpose to commit a crime *involving guns*, it does not indicate a joint venture to commit a wrong not involving guns, such as the possession, sale, or concealment of narcotics. Thus, on the facts of this case, the Government's theory of a common purpose or venture is without merit.

The judgment of the district court is reversed.

---

7. Government's *Brief*, p. 6.

8. Government's *Brief*, p. 7.