Francisco Rivera **ROSADO**, Petitioner,

v.

Tomas Concepcion **MARTINEZ**,
Respondent.

Civ. No. 553–72.

United States District Court,
D. Puerto Rico.

Jan. 23, 1974.

Blas C. Herrero, Jr., San Juan, P. R., for petitioner.

Ulpiano F. Crespo, Pros. Atty., Dept. of Justice of Commonwealth of Puerto Rico, San Juan, P. R., for respondent.

## ORDER

CANCIO, Chief Judge.

On June 29, 1972, the petitioner, Francisco Rivera Rosado, filed a petition for a writ of habeas corpus. The petitioner is collaterally attacking the validity of a guilty plea to a charge of having violated Section 29 of the Narcotic Law of Puerto Rico, which makes the possession of heroin a punishable offense. A brief review of the chronological events

leading up to the petition indicates the following:

On January 7, 1961, the petitioner was arrested in the company of Francisco Lloret Ríos in Cataño, Puerto Rico. Sworn statements were taken of the petitioner, of another person subsequently charged, and of the arresting officer. In a sworn statement dated January 9, 1961, the arresting officer, Héctor M. Lugo Montalvo, said that at approximately 11:30 p. m. on the 6th of January, 1961, he surprised the petitioner and Francisco Lloret Ríos while they were injecting themselves. Policeman Lugo Montalvo states that Francisco Rivera Rosado was detained in the act of injecting himself, using for this purpose an eyedropper with a number 22 hypodermic needle and a nipple tied with a black thread. The eyedropper contained a mixture of blood and a liquid. He was injecting this into the vein of his left arm.

Policeman Lugo Montalvo further stated that Francisco Rivera Rosado told him "that this was the first time that he ever had injected himself and that the material had been supplied by the other individual." Francisco Lloret Ríos (the other individual) in his statement said that he "injected himself every day and that the *liquid* he bought from another individual for $5.00."

Residual traces of heroin were found on a bottle cap in the possession of Francisco Lloret Ríos, arrested at the same time as petitioner. The material taken from the petitioner in the act of injecting himself was sent to a chemist for analysis. The chemist reported that there was no narcotic drug whatsoever. Nevertheless, the petitioner was charged with violation of Section 29 of the Narcotic Law of Puerto Rico on February 27, 1961 in an indictment which charged that he and "Francisco Lloret Ríos, jointly and by mutual agreement, had in their possession and control and applied to themselves the narcotic drug known as heroin."

On April 26, 1961 the defendant pleaded guilty. At no time did the prosecuting attorney indicate to the Court that there was anything in his file which favored the accused. Absolute silence was maintained throughout by the government. The only mitigating circumstances which were presented by the attorney for the defendant was that the boy was eighteen years old, was a good person and that one day the defendant began to drink, had a few drinks, and from there on had commenced the situation in which the defendant was now involved. No mention was ever made by either the prosecution or the defense of the fact that no narcotics were found on any of the items taken from the petitioner. No mention was made of the fact that the chemical analysis of the bloody liquid that was taken from the defendant in the act of injecting himself was negative as to any narcotic drug.

On July 21, 1961, the petitioner was sentenced to five to ten years imprisonment and the sentence imposed was suspended and the petitioner placed on probation. Sometime later while still on probation, he was re-arrested on other charges and the sentence was re-imposed, probation having been revoked.

In 1967, the petitioner, finding himself incarcerated as a direct consequence of the original charge to which he had pleaded guilty for possession of heroin, determined to re-open the question of the legal validity of his plea of guilty to the original charge. By then he had found out about the negative results of the chemical test. Accordingly, he filed a petition for a writ of habeas corpus, which was denied on November 10, 1967 by the sentencing Court. Again, on December 3, 1968, the petitioner, through his attorney, filed a motion before the same court requesting that his sentence be annulled, alleging the illegality of the sentence. This motion was argued on February 14, 1969 and was denied. He then filed the petition for a writ of habeas corpus that is now before this Court.

There can be no doubt that Francisco Rivera Rosado had no actual possession of any narcotic drug. Neither in the eyedropper nor in the bloody liquid with which he was injecting himself, nor on the hypodermic needle was there even the slightest trace of any narcotic drug. This is the clear result of the chemical analysis performed at the time of petitioner's arrest and now part of the record of this case, but never brought to light until after the conviction and sentencing of the petitioner.

■ The only question, then, is whether, as a matter of fact and of law, the petitioner was in constructive possession of the residual traces of heroin to be found in the possession of the codefendant, Francisco Lloret Ríos. The argument presented by the attorney representing the respondent is that the conviction and sentence of Francisco Rivera Rosado should be sustained by attributing to Francisco Rivera Rosado the possession of the residual traces of the narcotic drug found on the bottle cap in the possession of Francisco Lloret Ríos, who was beside the petitioner when he was arrested. This Court believes that this is stretching the doctrine of constructive possession too far.

■ Constructive possession is a legal conclusion derived from factual evidence that someone who does not have physical possession of a thing, in fact has legal possession of that thing. Massiate v. State, 365 S.W.2d 802 (1963 Tex.Cr.App.). To prove constructive possession it must be shown that the defendant exercised dominion and control, or the right to exercise dominion and control, over the "contraband." United States v. Bethea, 143 U.S.App.D.C. 68, 442 F.2d 790 (1971). There is nothing in the facts of this case that indicate that Francisco Rivera Rosado exercised the slightest dominion or control over the drug residues found on the bottle cap of codefendant Francisco Lloret Ríos. The evidence is to the contrary.

■ In the case before us, petitioner exercised neither dominion nor control over any drug, for had he done so, the liquid he was using to inject himself surely would have shown the same narcotic traces as that on the bottle cap taken from his codefendant. Mere proximity to a drug does not establish constructive possession over the drug. In State v. Reed, 34 N.J. 554, 170 A.2d 419, 91 A.L.R.2d 797 (1961), the Court held that narcotics which had been contained in the defendant's bloodstream or respiratory system were not constructively possessed by him within the meaning of the possession statute.

■ There is no evidence in this case to warrant the interference that the petitioner had any control over even the residues found on his codefendant's bottle cap. The fact that the liquid with which he was injecting himself contained no drug traces negates even the inference that the petitioner, as is sometimes the practice among drug addicts, may have used his codefendant's bottle cap to prepare the "injection". There is not the slightest evidence to this effect. Accordingly, the only logical conclusion is that while Francisco Rivera Rosado may have had the intention of injecting himself with heroin, he certainly did not do so and he was never in possession of any drug. The naked intent to commit an offense is not a crime.

■ Although it has been held that possession of a narcotic gives rise to an inference concerning the possessor's knowledge of its character as such, the reverse is not true. The mere fact that one thinks one may have a narcotic, when in reality the item is not a prohibited item, does not per se make the defendant guilty of the possession of narcotics. In our case, the most that can be said is that there was mere proximity of the petitioner to a person who possessed residues of the narcotic at the time of their arrest. As the Supreme Court of Puerto Rico has said "[t]he mere presence of a person at the scene of the crime, during the commission of that crime, is not sufficient in and of itself to sustain a conviction for that crime."

Pueblo v. Zengotita, 89 D.P.R. 870, 875 (1964). See also Carrol v. State, 90 Ariz. 411, 368 P.2d 649 (1962).

The Supreme Court of Puerto Rico has indicated there must be some showing of a usable quantity of a narcotic drug in the possession of a defendant before a conviction can be sustained. Pueblo v. Rosario Rivera, 96 D.P.R. 13 (1968); Pueblo v. Márquez Estrada, 93 D.P.R. 811 (1966). In this last case, at page 816, the Court uses wording which closely approaches the legal facts applicable to the case at bar, when it says:

> "*If it be true that the possession of the articles which were seized—a hypodermic needle and an eyedropper— are used to inject narcotics, in the present case there is no proof that they were used for that end.* The only thing that can connect the defendant with the offense which was charged to him are these little cristals which appear in the bottle top in a minimal amount (They would have filled the head of a pin) and that evidently they were not used as narcotics."

If in *Martinez Estrada* the Supreme Court of Puerto Rico holds that a defendant's conviction will not be sustained where mere traces of narcotics are found on a bottle cap in his possession, it seems difficult to conceive that a defendant can have his conviction sustained where the only drug residues found are on a bottle cap in the possession of another person, and no trace of any drug is found in any object in his possession. Similarly, this Court cannot subscribe to the theory that a defendant's arrest, conviction, and sentence based on a plea of guilty to possession of heroin, without more, is constitutionally proper, merely because he is next to an addict in whose possession are found residual traces of narcotics.

This Court believes that to deny the writ petitioned for is to sustain a conviction for a crime that was never committed. To sustain the conviction merely because the petitioner intended to commit the crime is to convict him merely on the basis of intent and no more. As we have said, the mere intention to commit a crime, without more, is not a crime.

Accordingly, it is hereby ordered, adjudged and decreed that Francisco Rivera Rosado, the petitioner herein, be and he is hereby released and discharged from the custody of respondent, Tomás Concepción Martínez, or his successor in office, and it is further

Ordered, that Tomás Concepción Martínez, or his successor, be, and he is hereby, directed to forthwith release and discharge from his custody the above named petitioner, Francisco Rivera Rosado.

It is so ordered.