UNITED STATES, Appellee,

v.

Alfred Ray WILSON, Specialist Four, U. S. Army, Appellant.

No. 33,108.

SPCM 11739.

U. S. Court of Military Appeals.

Aug. 27, 1979.

PERRY, Judge:

The appellant was convicted by a special court-martial of possession of Lysergic Acid Diethylamide (LSD) and marihuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934, respectively. He was sentenced to a bad-conduct discharge, imprisonment for 6 months, forfeitures of $200 pay per month for 6 months and reduction to the lowest enlisted grade. The convening authority reduced the period of confinement and forfeiture to 4 months but in all other respects approved the findings and sentence. The United States Army Court of Military Review has affirmed. We granted review to consider, *inter alia*, the appellant's contention that the evidence presented at his trial was insufficient to support his conviction. Our review of the record reveals no evidence that the appellant committed the offenses of which he was charged and convicted. We reverse.

I

The sole witness who testified at the trial was Criminal Investigations Division (CID) Special Agent Vaughn. Vaughn testified that, on the basis of the information [1] which he, Captain Magee and Captain Mitchell gave Lieutenant Colonel Parker, the Deputy Community Commander of Goeppingen Community in Germany, Colonel Parker authorized a search of Apartment 18 at Staufenblick in Salach, Germany, and the seizure of narcotic drugs reportedly located therein. The apartment was leased in the name of a female enlisted person, Private First Class Dillard, who was assigned to Captain Magee's military unit. When the search party of several police officers arrived at the apartment, Agent Vaughn knocked on the door and, after a short period of time, the door was opened by the appellant. The appellant's automobile was

For Appellant: *Captain Stephen D. Halfhill* (argued); *Lieutenant Colonel John R. Thornock, Captain D. David Hostler* (on brief); *Colonel Alton H. Harvey, Captain Lawrence E. Wzorek.*

For Appellee: *Captain Dana C. McCue* (argued); *Colonel Thomas H. Davis, Major John T. Sherwood, Jr., Major Steven M. Werner, Captain Gay M. Holmes* (on brief); *Captain John F. DePue, Captain William C. Kirk.*

1. The information upon which Colonel Parker acted in authorizing the search was furnished by an informant who reported that, on the previous day, he purchased a quantity of mandrax tablets (a controlled substance) at that apartment from Private First Class Dillard and that, at the same time, he (the informant) had observed a larger quantity of the drug in a drawer.

parked in an area adjacent to the building. Agent Vaughn identified the search party and announced the purpose of their visit. Thereupon the appellant inquired whether the officers had a search warrant. Agent Vaughn responded in the affirmative and advised the appellant that Colonel Parker had authorized a search of the apartment for narcotic drugs. The appellant then stated that the owner of the apartment, Miss Dillard, was in her room, undressed. Miss Dillard was given time to dress before the search of the apartment commenced.

The apartment consisted of a living room, a bedroom, a kitchen and a bathroom. Separating the living room from the kitchen was a cabinet containing upper and lower shelves with a counter in the center. The apartment also had a balcony which was accessible through the living room. A visual search around the apartment revealed no suspected narcotic substances within plain view. However, the officers did find a pipe and a plastic film canister covered with a black top lying on a coffee table in the living room. The pipe was later examined and found to contain traces of hashish. The film canister was opened and found to contain hashish. A set of scales was found in the living room and it, too, contained marihuana residue. In the bedroom, the officers removed a cellophane package from a dresser drawer. The package contained a cylinder-shaped object similar to that of lighter flint. Subsequent analysis revealed the object as LSD. Lying on the bed was a pair of fatigues which, to Agent Vaughn, appeared to be female fatigues. From the pockets of the fatigues, the police removed three tinfoil packets. A bottle found in the bedroom contained traces of mandrax. On the top shelf of the bedroom closet, the police found an Excedrin pill bottle which contained several marihuana seeds. A wallet containing identification cards bearing the signature and name of the appellant was also found "in the shelf to the apartment."[2] On the cabinet counter which separated the living room from the kitchen, the police found and opened four canisters (tea, coffee, sugar and flour canisters). One of the canisters was found to contain 24 packets of hashish. On the balcony the police discovered 2 marihuana plants which were growing in a milk carton. The above mentioned drugs were seized and introduced as evidence at the appellant's court-martial.

While Agent Vaughn assumed that the appellant was living at the apartment, no evidence of that fact appears in the record. No clothing or other property belonging to the appellant, save the wallet above mentioned, was found within the apartment. No action taken by the appellant during the search evidences a possessory interest in any of the narcotic drugs found in the apartment. The record does disclose that the appellant opened the door and, upon being informed of the identity of the police and the purpose of their visit, he inquired whether they had a search warrant. That fact and the discovery of the appellant's wallet in the apartment certainly support an inference that the appellant was a welcome guest. But, these are neutral facts, which, standing alone, are not indicative of anything of probative value here. Moreover, they do not establish that the appellant resided at the apartment.[3]

II

■ Para. 4–2a (7)(a)1, AR 600–50 (C.2, Apr. 19, 1973), prohibits possession of LSD and marihuana as within the Controlled Substances Act.[4] To convict, the Govern-

---

2. Other than the appellant's physical presence, this was the only property located by the police which bore the indicia of ownership by the appellant.

3. Special Agent Vaughn purported to give hearsay testimony that the appellant resided at the apartment. However, a defense objection to that testimony was sustained by the military judge. Thus, the record contains no evidence that the appellant resided at the apartment.

4. Para. 4–2a (7)(a)1, AR 600–50 (C.2, 19 April 1973), is as follows:

The acts listed below are prohibited to all military personnel . . .

(7)(a) Except as authorized by regulation or other competent authority, military personnel will not:

1. Use, possess, sell, distribute, deliver, process, compound, or manufacture any controlled substance within the meaning of the

ment was required to prove that the appellant knowingly and intentionally possessed the contraband. The "possession" which is prohibited by the regulation can be established both by proof that the accused had actual physical control of the contraband in that it was found upon "his person or within his immediate reach"[5] or that he knowingly had the contraband under his control or dominion, sometimes delineated as constructive possession.[6] To convict by proof that the accused constructively possessed the contraband, the Government must prove that the accused " 'was [knowingly] in a position or had the right to exercise dominion and control over' it, either directly or through others."[7] If the proven circumstances establish the foregoing, possession exists though it is jointly shared.[8] Moreover, possession may be established by circumstantial as well as by direct evidence.[9]

▮ Where an individual is the sole occupant of the premises and enjoys the right to exclude all others therefrom, it may logically be inferred that he knowingly has dominion and control over objects so situated therein that he is likely to be aware of the presence of such objects.[10] However, where two or more persons share occupancy of the premises together with the right to exclude others, any one or more, depending upon the circumstances, may have knowing dominion and control over a particular object and the choice between those alternatives must be based on more than mere speculation.[11] Thus, in *United States v. Holland*,[12] the Court considered a situation similar to this one, where police "went to the apartment of [a] woman . . . to execute a search warrant." Upon entry, they found the narcotics they were seeking on the top of a dresser. The defendant Holland was present with the woman lessee in the bedroom of the apartment at the time of search. Additionally, his shirt and suit were removed from the bedroom closet and his underwear and socks were removed from a dresser drawer containing additional men's apparel. Rejecting the Government's assertion that the accused constructively possessed the narcotics, the Court recognized that "constructive possession means being in a position to exercise dominion or control over a thing."[13] However, the Court emphasized that "[s]uch a position should not be lightly imputed to one found

"Controlled Substances Act" (84 Stat. 1242; 21 U.S.C. 801 et seq.).

5. *United States v. Staten*, 189 U.S.App.D.C. 100, 105, 581 F.2d 878, 883 (1978).

6. *United States v. Staten, supra; United States v. Riggins*, 563 F.2d 1264 (5th Cir. 1977); *United States v. Davis*, 183 U.S.App.D.C. 162, 562 F.2d 681 (1977); *United States v. Hutchinson*, 488 F.2d 484 (8th Cir. 1973); *United States v. Bonham*, 477 F.2d 1137 (3d Cir. 1973); *United States v. Palmer*, 151 U.S.App.D.C. 317, 467 F.2d 371 (1972); *United States v. Davis*, 461 F.2d 1026 (3d Cir. 1972); *McClure v. United States*, 332 F.2d 19 (9th Cir. 1964).

7. *United States v. Staten, supra; United States v. Craig*, 522 F.2d 29, 32 (6th Cir. 1975).

8. *United States v. Davis, supra* (D.C.Cir.); *United States v. Bethea*, 143 U.S.App.D.C. 68, 442 F.2d 790 (1972); *Delgado v. United States*, 327 F.2d 641 (9th Cir. 1964). *See also* Annotation, Conviction of Possession of Illicit Drugs Found in Premises of Which Defendant Was in Nonexclusive Possession, 56 A.L.R.3d 948.

9. *United States v. Davis, supra*, 183 U.S.App. D.C. at 165, 562 F.2d at 684.

10. *United States v. Smith*, 171 U.S.App.D.C. 342, 520 F.2d 74 (1975); *United States v. Belt*, 169 U.S.App.D.C. 1, 514 F.2d 837 (1975); *United States v. Bonham, supra; United States v. Holland*, 144 U.S.App.D.C. 225, 445 F.2d 701 (1971); *United States v. Palmer, supra*.

11. *See* text at nn. 7 and 8, *supra*. *See United States v. Bonham, supra; United States v. Holland*; *supra*. *Compare United States v. Davis*, 562 F.2d at 684–85 (evidence sufficient), and *United States v. Thompson*, 161 U.S.App.D.C. 339, 495 F.2d 165 (1974) (evidence sufficient) *with United States v. Watkins*, 171 U.S.App. D.C. 158, 519 F.2d 294, 298 (1975) (evidence insufficient) and *United States v. Bethea, supra* (evidence insufficient).

12. 144 U.S.App.D.C. 225, 445 F.2d 701 (1971).

13. *Id.* at 227, 445 F.2d at 703.

in another's apartment or home." [14] However, "nonexclusivity in the occupancy of the premises is" not deemed "fatal" to the prosecution.[15] Instead, "the sufficiency of the evidence . . . depends [in such cases] upon its capability plausibly to suggest the likelihood that . . . the accused had a substantial voice [concerning] the drug." [16]

█ The decided cases contain some useful guidelines for determining whether evidence is sufficient to convict. For example, mere presence of the accused on the premises or even his proximity to the drug is not, standing alone, deemed sufficient.[17] Neither is the mere association with another deemed enough, though the other is known to possess the drug.[18] And, where a person is in nonexclusive possession of premises, it cannot be inferred that he knows of the presence of drugs or had control of them unless there are other incriminating statements or circumstances.[19] However, "presence, proximity or association may establish a prima facie case of drug possession when colored by evidence linking the accused to an ongoing criminal operation of which that possession is a part." [20]

### III

█ Reviewing the evidence in the light most favorable to the Government, as we must,[21] we conclude that it is insufficient, in light of the above principles, to establish that the appellant possessed the narcotic substances he stands convicted of possessing. The evidence, presented through the testimony of Agent Vaughn, established only that the appellant was physically present at Miss Dillard's apartment when the police conducted the search and that, upon opening the door and ascertaining the identity and mission of the police, he inquired whether they had a search warrant. That fact, standing alone, did not constitute proof that the appellant resided at the apartment. Moreover, the owner of the apartment was, at the time, in her bedroom, undressed. At most, by opening the door, the appellant displayed a status of privilege, such as that of an invited guest answering the door at the request of the owner. The inquiry made by the appellant concerning whether the police had a search warrant was consistent with a disposition by him to deny admission into the apartment by others without the permission of Miss Dillard or without other show of authority. It did not support the conclusion that the appellant was in sole possession of the premises or, more importantly, that he was in possession of contraband. Nor does the fact that the appellant's wallet was found on a shelf lend support to any theory inconsistent with mere presence at the apartment at the time of the search and resultant discovery of narcotics. The only items found by the police within plain view

14. *Id.* Indeed, mere presence in an area where contraband is located, standing alone, does not establish possession of that contraband. *United States v. Cravero*, 545 F.2d 406 (5th Cir. 1976), *cert. denied* 430 U.S. 983, 97 S.Ct. 1679, 52 L.Ed.2d 377 (1977); *United States v. Phillips*, 496 F.2d 1395 (5th Cir. 1974), *cert. denied* 422 U.S. 1056, 95 S.Ct. 2680, 45 L.Ed.2d 709 (1975). *See also* n. 17, *infra* and accompanying text.

15. *United States v. Staten, supra,* 189 U.S.App.D.C. at 106, 581 F.2d at 884.

16. *Id.*

17. *United States v. Staten, supra; United States v. Ratcliffe,* 550 F.2d 431, 434 (9th Cir. 1976); *United States v. Watkins, supra; United States v. Davis, supra* (3d Cir.); *United States v. Bethea, supra. See Moore v. United States,* 429 U.S. 20, 97 S.Ct. 29, 50 L.Ed.2d 25 (1976), and *United States v. Gainey,* 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1975).

18. *United States v. James,* 161 U.S.App.D.C. 88, 108, 494 F.2d 1007, 1027 (1974), *cert. denied sub nom. Jackson v. United States,* 419 U.S. 1020, 95 S.Ct. 495, 42 L.Ed.2d 294 (1974); *United States v. Ratcliffe, supra; United States v. Holland, supra.*

19. *United States v. Staten, supra.*

20. *Id.,* 189 U.S.App.D.C. at 107, 581 F.2d at 885.

21. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Parham,* 14 U.S.C.M.A. 161, 33 C.M.R. 373 (1963).

were the pipe and the canister covered with a black top and filled with hashish, which were lying on the coffee table in the living room. However, absent his presence in the apartment, no evidence connected the appellant with those items. All the remaining contraband, listed in Part I above, was located within clothing, drawers and other areas, including canisters, which were closed with tops firmly affixed to them. No evidence connected the appellant with any of the narcotic substances. Finally, the fact that the appellant's automobile was parked in front of the apartment building did not constitute evidence of anything probative of the issues here. And, even if one assumes that, in combination, the above circumstances support an inference that he was a joint lessee or that he resided at the apartment with Miss Dillard, the lessee, the appellant would, at most, have nonexclusive possession of the premises. And where one is in nonexclusive possession of premises, it cannot be inferred that he knew of the presence of drugs or that he had control of them unless there are other incriminating statements or circumstances tending to buttress such an inference.

Under the above mentioned circumstances, we hold that the evidence presented at the appellant's trial was insufficient to support a finding that he possessed LSD and marihuana.[22]

Accordingly, the decision of the United States Army Court of Military Review is reversed. The charges are dismissed.

Chief Judge FLETCHER and Judge COOK concur.

22. *United States v. Ratcliffe, supra; United States v. Morando-Alvarez,* 520 F.2d 882 (9th Cir. 1975).