UNITED STATES, Appellee,

v.

Isaac A. TRAVELER, Technical
Sergeant U.S. Air Force,
Appellant.

No. 46,759.
ACM 23780.

U.S. Court of Military Appeals.

May 13, 1985.

For Appellant: *Captain Bruce T. Brown*
(argued); *Colonel Leo L. Sergi, Captain
John V. Sullivan,* and *Captain William
Connelly (USAFR)* (on brief); *Colonel
George R. Stevens.*

For Appellee: *Major Robert E. Feren-
cik, Jr.* (argued); *Colonel Kenneth R.
Rengert* (on brief); *Major George D. Cato.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-
martial composed of a military judge alone

on October 13–14, 1982, at Langley Air Force Base, Virginia. He pleaded guilty, and was so found, of the use of cocaine; contrary to his pleas, he was found guilty of possession of marihuana and cocaine, all in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934; and possession of drug-abuse paraphernalia, to wit: a water pipe and one cigarette-rolling machine, in violation of Article 92, UCMJ, 10 U.S.C. § 892. All these offenses occurred on April 23, 1982. He was sentenced to confinement at hard labor for 2 years, forfeiture of $200.00 pay per month for 2 years, and reduction to the grade of E–4.

■ This Court granted review on the following issue:

WHETHER EVIDENCE OF GOOD MILITARY CHARACTER IS PERTINENT WITHIN THE MEANING OF MILITARY RULE OF EVIDENCE 404(a)(1) TO CHARGES OF POSSESSION OF DRUGS AND PARAPHERNALIA.

Regardless of the correctness of the trial judge's ruling excluding such evidence, reversal is not warranted if such error was not prejudicial. *United States v. Vandelinder*, 20 M.J. 41 (C.M.A. 1985). We find no such prejudice in the present case.

The challenged ruling of the trial judge occurred during the direct examination of a defense witness, Captain Leon Mayo:

Q. What do you think of his military bearing and performance?

A. His bearing and behavior were extremely—

TC: Objection, Your Honor; irrelevant. Apparently counsel is attempting to get general military character in.

MJ: Defense Counsel, do you feel the testimony as to character is admissible?

DC: The defense feels it is under Rule 404(a). We have a series of questions going to personality traits, in regard to the relevance of the offenses charged. Under 404(a) these character traits should be admissible.

MJ: Would you identify the traits you feel should be involved?

DC: Since use of drugs is inconsistent with good military bearing and performance, the fact he has a good reputation for such would negate use of drugs. I'll also ask questions about Captain Mayo's opinion and awareness of his reputation for use and involvement in drugs, which would be directly related to the charge he is a drug abuser, also questions as to his reputation for truth and veracity.

MJ: I will allow the last two, not the first.

TC: Your Honor, the government specifically objects to the purported questions as to character traits.

MJ: I will allow his views as to drug use and abuse and testimony as to truth and veracity.

TC: But not—

MJ: Not the general good character or military character. I will allow his views on drug abuse and as to truth and veracity.

■ Appellant pleaded guilty to using cocaine at his home on April 23, 1982. He pleaded not guilty to using heroin on this same occasion and was found not guilty by the military judge. In this context, any error in the exclusion of this military-character evidence offered to show his non-use of drugs can only be considered waived or moot.

The remaining charges for which appellant was convicted were possession of cocaine found in his kitchen trash basket; possession of marihuana found in an ashtray in his kitchen; and possession of drug paraphernalia found on his kitchen table and on a night stand in a bedroom of his house. Appellant admitted that he knew most of these items were in his house but insisted they belonged to his wife or her civilian friend.

The Government's theory of guilt on the possession specifications was that appellant constructively possessed the cocaine, marihuana, and drug paraphernalia. *See United States v. Wilson*, 7 M.J. 290 (C.M.A.

1979). It established that these items were found in appellant's house along with other drug-related items. It also established that these items were found in plain view in the kitchen and a bedroom of this house. The Government's case was further supported by appellant's testimony that he used cocaine from the bag discovered in his trash can, he used the water pipe to ingest this cocaine; and he smelled marihuana smoke in his house on the night in question.

The defense theory of innocence was that appellant did not exercise any control over these items so as to be guilty under the theory of constructive possession. He testified that the drugs belonged to his wife's civilian friend who was in the house that night and the paraphernalia belonged to his wife. He further stated that he never touched or physically controlled any of these items.

 The theory of constructive possession is not based on ownership or actual physical control of contraband items. *United States v. Wilson, supra.* Instead, the Government must show that appellant was knowingly in a position or had the right to exercise dominion and control over an item, either directly or through others.

*United States v. Wilson, supra* at 293–94. The Government's case on this issue as supported by appellant's admissions was overwhelming. Appellant's contention that he did not exercise control over these items because they belonged to other persons and he never physically touched them is unresponsive to the Government's theory of imputed liability. This is especially true in light of defense counsel's statement that the defense of duress was not raised in this case. Finally, regardless of the quality of his military-character evidence, its impact would have been greatly reduced by his in-court admission that he used cocaine on the very night the drug contraband was discovered. In these circumstances, any error in excluding this military-character evidence on these possession specifications was harmless beyond a reasonable doubt. *United States v. Vandelinder, supra; United States v. Weeks,* 20 M.J. 22 (C.M.A. 1985).

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.