**420**

UNITED STATES, Appellee,

v.

Steven N. SEGER, Sergeant, U.S. Army, Appellant.

No. 55,602.
CM 447451.

U.S. Court of Military Appeals.

Feb. 22, 1988.

For Appellant: *Captain Keith W. Sickendick* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Paul J. Luedtke, Major Eric T. Franzen, Captain Pamela G. Montgomery* (on brief); *Colonel John T. Edwards.*

For Appellee: *Captain George R. Gillette* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Byron J. Braun* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-martial composed of officer members at Fort Bragg, North Carolina. He was charged with wrongful distribution of 100 microdot tablets of lysergic acid diethylamide (LSD); wrongful use of marijuana; and wrongful distribution of 145.92 grams of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. Contrary to his pleas, he was convicted of wrongfully distributing 99 microdot tablets of LSD and of wrongfully possessing marijuana with intent to distribute. The use charge was withdrawn. The court members sentenced him to forfeit $300.00 pay per month for 15 years; to be reduced to pay grade E–1; to be confined for 15 years; and to be discharged from the service with a bad-conduct discharge. The convening authority approved the sentence. The Court of Military Review affirmed in a short-form opinion.

This Court granted review to determine: WHETHER THE EVIDENCE IS SUFFICIENT AS A MATTER OF LAW TO

PROVE APPELLANT GUILTY OF POSSESSION OF MARIJUANA WITH THE INTENT TO DISTRIBUTE.

■ "We review the sufficiency of evidence to support a conviction" not as a factfinder, but "solely to decide if it can legally sustain findings of guilty entered by a court-martial and affirmed by a Court of Military Review." *United States v. Carter*, 24 M.J. 280, 281 (C.M.A.1987), *citing United States v. Harper*, 22 M.J. 157, 161 (C.M.A.1986). *See United States v. Hart*, 25 M.J. 143 (C.M.A.1987). As we said in *Harper*, "In this context, sufficient evidence generally means some legal and competent evidence from which a court-martial may find or infer beyond a reasonable doubt those facts required by law for conviction." *Id.* at 161 (citations omitted). However, "when viewing sufficiency of evidence claims on appeal the evidence must be viewed in the light most favorable to the government." *United States v. Kupper*, 693 F.2d 1129, 1134 (5th Cir.1982), *citing Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). We conclude that the evidence presented here is legally sufficient to support the conviction of possessing marijuana with the intent to distribute.

The Government's case was based on the theory of constructive possession. Paragraph 37*c* (2), Part IV, Manual for Courts-Martial, United States, 1984, defines possession as follows:

"Possess" means to exercise control of something. Possession may be direct physical custody ... or it may be constructive, as in the case of a person who hides an item in a locker or car to which that person may return to retrieve it. Possession must be knowing and conscious. Possession inherently includes the power or authority to preclude control by others. It is possible, however, for more than one person to possess an item simultaneously, as when several people share control of an item. An accused may not be convicted of possession of a controlled substance if the accused did not know that the substance was present under the accused's control. Awareness of the presence of a controlled substance may be inferred by circumstantial evidence.

In *United States v. Wilson*, 7 M.J. 290 (C.M.A.1979), this Court addressed constructive possession as follows:

To convict by proof that the accused constructively possessed the contraband, the Government must prove that the accused " 'was [knowingly] in a position or had the right to exercise dominion and control over' it, either directly or through others." If the proven circumstances establish the foregoing, possession exists though it is jointly shared. Moreover, possession may be established by circumstantial as well as by direct evidence.

*Id.* at 293 (footnotes omitted).

In the present case the evidence showed that Sergeant Seger and Private Toth (formerly a specialist four) had belonged to the same company for over 2½ years and "were really good friends." They socialized frequently, going to clubs and picnics together. The subject marijuana was found in Private Toth's locked duffle bag, inside his wall locker. It was divided into small plastic bags which were stored in a large zip-lock-top plastic bag. Laboratory analysis of the plastic bags revealed Sergeant Seger's thumbprint on one of the 23 bags, his palm prints on 15 bags, and the palm prints of both of Sergeant Seger's hands on one bag. No other prints could be identified. The total amount of marijuana located in the bags weighed 145.92 grams.

Sergeant Seger testified that he had indeed supplied Private Toth with a large number of baggies so he could pack sandwiches for a picnic, but denied that he had touched them when they contained controlled substances.

Private Toth testified that he, himself, was a drug dealer, and he had lied to Sergeant Seger about the picnic in order to get plastic bags from him. Instead of packing sandwiches in the bags, he used them to hold marijuana after he "weighed it out." He explained that, "[w]hen you

roll up a baggie of marijuana ... first you settle it all down, you know, stick your hand in there so its ... round and not misproportioned [sic], or you've got a big bud over here and nothing in the middle. Then you just take it and roll it like a cigarette." He had no idea why Sergeant Seger's palm prints were on 15 of the bags. These explanations were fully aired before the court members, who rejected them.

Mr. Rock, who had been Private Toth's roommate briefly and a member of the same platoon for over 2 years prior to being administratively discharged from the Army, had been a confidential informant for the Government. Mr. Rock testified that Private Toth and Sergeant Seger were involved in an ongoing, joint venture selling drugs. He testified that Toth was working as the "front-man," selling drugs for Sergeant Seger so that "Seger wouldn't run the risk of being exposed ... since he was an NCO." Mr. Rock drove Private Toth, who did not have a car, to Sergeant Seger's house off-post numerous times. On one occasion when Mr. Rock asked Toth why he had to take him "out there" to Sergeant Seger's house again, Toth replied, "[W]ell, you know all this pot I've got? ... [H]e'd giving [sic] it to me so I can sell it." Mr. Rock testified that, about the fourth time he drove Private Toth to Sergeant Seger's house, he went with them to the back room and watched as Sergeant Seger weighed marijuana and gave it to Private Toth. While serving as a confidential informant, Mr. Rock made several attempts to set up direct drug transactions between Sergeant Seger and an undercover drug suppression team agent, to no avail. Sergeant Seger explained that "he didn't want to meet any ... strangers" and "expose himself any more than necessary." Mr. Rock testified that Sergeant Seger "said it's not my job to go out and distribute it. I give it [the drugs] to Toth ... my front-

man, he distributes it, and I cut him in on the profit."

■ "[M]ere association with" one who "is known to possess" illegal drugs is insufficient to convict on the theory of constructive possession. Furthermore, " 'being in a position to exercise dominion or control over' " illegal drugs "should not be lightly imputed to one who" does not exclusively occupy the premises where drugs are found. *United States v. Wilson,* 7 M.J. at 293. "However, 'presence, proximity or association may establish a prima facie case of drug possession when colored by evidence linking the accused to an ongoing criminal operation of which that possession is a part.' " *Id.* at 294. The fact that the marijuana was found in Private Toth's wall locker is not fatal to the prosecution—rather, "the sufficiency of the evidence ... depends upon its capability plausibly to suggest the likelihood that ... the accused had a substantial voice ... [concerning] the drug." *Id.* at 294 (footnote omitted).

The Government's evidence establishes that Sergeant Seger had an ongoing joint venture with Private Toth to sell illegal drugs; that appellant's palm and thumbprints were on the bags containing marijuana, as contrasted to the lack of identifiable prints belonging to Toth; and that the number of bags and amount of marijuana found therein was substantial. Accordingly, we hold that a rational factfinder could conclude, beyond a reasonable doubt, that this appellant "had a substantial voice" concerning "the drug" and was guilty not only of possessing marijuana, but also of intending to distribute it.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.