## UNITED STATES

v.

**Sergeant Leonard L. CURTIS, FR 160–44–3810 Headquarters, 1st Composite Support Group Headquarters Command USAF.**

**ACM 21981 (f rev).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 17 Oct. 1975.

Decided 12 Jan. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain David A. Bateman.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

ORSER, Judge:

Despite his not guilty pleas, the accused stands convicted of one offense each of wrongful possession and sale of heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and wrongful possession and sale of cocaine in violation of Article 92 of the Code. The adjudged and approved sentence is a bad conduct discharge, confinement at hard labor for one year, forfeiture of $240.00 per month for 12 months and reduction to airman basic.

In our original decision in this case, we affirmed the findings of guilty and the sentence. *United States v. Curtis*, No. 21981, 1 M.J. 861 (11 May 1976). Thereafter, by order dated 30 August 1976, the United States Court of Military Appeals vacated our decision and remanded the record to us with directions that we hold further proceedings in abeyance pending disposition of the jurisdiction issue then pending in the case of *United States v. McCarthy* (now decided at 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976)).

We must now decide whether two of the offenses, the wrongful sale and possession of heroin, are service connected as that phrase was used by the United States Supreme Court in *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). *United States v. McCarthy*, supra; *United States v. Hedlund*, 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976). As stated in the cited cases of the Court of Military Appeals, resolution of the issue requires careful balancing of the well known *Relford* \* criteria to determine "whether the military interest in deterring the offense[s] is distinct from and greater than that of civilian society, and whether the distinct military interest can be vindicated adequately in civilian courts." *United States v. McCarthy*, supra, 2 M.J. at page 28, quoting *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

\* *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971).

In *Hedlund* and *McCarthy*, both supra, the Court declared that service connection is not established on the sole basis of the military status of the participants in an offense. To sustain the exercise of military jurisdiction the facts of record must demonstrate that the military interest in the offense is pervasive, or stated another way, that the military community has "the overriding, if not exclusive interest in prosecuting [the] offense[s]." *United States v. McCarthy*, supra, 2 M.J. at page 29.

This issue was most recently before the Court of Military Appeals in *United States v. Williams*, 25 U.S.C.M.A. 176, 54 C.M.R. 284, 2 M.J. 81 (1976), a case involving a single specification of wrongful possession of hashish found in the accused's off-base apartment during a search conducted jointly by civilian and Air Force investigators. In holding there was no service connection, and hence no basis for trial by court-martial, the Court observed there was no evidence the accused had either used, purchased, introduced or sold the hashish on a military installation. The record supported only the conclusion that the accused purchased the drug in the civilian community for his personal off-duty, off-base use. Under those circumstances, the Court determined that not a single *Relford* criterion supported court-martial jurisdiction.

With the foregoing guidance in mind, we are convinced that the facts in the instant case demonstrate service connection sufficient to justify trial of all offenses by court-martial. Here, of course, the issue involves only the two heroin offenses. The other two, the cocaine offenses, wholly occurred on the military installation and for that reason are not included in the appellate challenge to jurisdiction—rightly so. *Relford v. Commandant*, supra.

The record shows that the accused was a suspected dealer of narcotics. Government investigators duly decided to determine the validity of their suspicions. Posing as an out-of-town buyer of illicit drugs, an investigator sought out the accused on the military installation and negotiated with him for the purchase of a quantity of heroin. A bargain was struck and arrangements made that the accused would obtain the heroin from his source (location and identity not disclosed). The transaction was then to be completed at the agent's off-base apartment.

As we stated in our original decision, initially everything proceeded as planned. At the off-base apartment, the Government agent provided the accused with half the agreed purchase price and the accused, accompanied by a partner, departed. They returned shortly thereafter with the heroin. At that juncture a dispute arose concerning the disposition of the narcotic drug. The accused insisted he was going to retain half the supply as it was destined for delivery to other personnel on the military installation. Eventually harmony was restored. The Government agent persuaded the accused to leave all the heroin with him so he could have it processed, that is, diluted, for ultimate sale to consumers. The accused assured the agent that the heroin was of good quality and cautioned against permitting undiluted injections since that might be fatal to recipients. The accused thereafter departed and upon his return a little later was apprehended.

Consideration of the foregoing circumstances in light of the cited decisions, with particular attention to the *Relford* criteria, causes us to conclude that at least two significant service connection factors are present which suffice to vest the court-martial with jurisdiction. They are:

1. The formation of the criminal intent for the offenses on-base.

2. The threat posed to military personnel, and thus the military community itself, by the sale of heroin to a self described drug buyer, coupled with the accused's determination to retain half the drug for intended distribution to fellow airmen on the military installation.

Here, to a similar degree as perceived by the Court in the *McCarthy* circumstances, the military interest in both offenses is

pervasive. The entire heroin scheme was formulated by the accused and the putative buyer on the base and the accused intended to deliver at least half the total quantity to other military personnel on-base. Though the transaction was consummated in the civilian community, where the accused's possession also occurred, such circumstances were only incidental events in a scheme that was initiated on-base and presupposed a military consuming public. Under the circumstances, the military community had virtually an exclusive interest in prosecuting the heroin offenses along with those involving cocaine. *United States v. McCarthy*, supra; *Gosa v. Mayden*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973); *United States v. Gash*, 54 C.M.R. 463, 2 M.J. 707 (1976); *United States v. Batson*, 54 C.M.R. 488, 2 M.J. 716 (A.F.C.M.R.1976).

For the reasons stated, the findings of guilty and the sentence are again

AFFIRMED.

HERMAN, Judge, concurs.

BUEHLER, Senior Judge, absent.