**UNITED STATES**

v.

**Senior Airman Dennis W. HOUSTON, FR 456–96–0121, United States Air Force Hospital Webb, Chanute Technical Training Center (ATC).**

**ACM 22289.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 7 July 1977.

Decided 6 Jan. 1978.

---

**730**

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Gilbert J. Regan.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused was convicted of two specifications of selling phencyclidine (PCP) and three specifications of selling marijuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934.

In their first assertion of error, appellate defense counsel contend that the court-martial lacked jurisdiction to try the offenses. In accordance with the requirements of *United States v. Hedlund*, 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976), *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976), and *United States v. Alef*, 3 M.J. 414 (C.M.A.1977), we have carefully balanced the *Relford*[1] criteria as to service connection on an offense by offense basis to determine if the military interest is distinct from and greater than the civilian interest.

The evidence indicates that in both Specification 1, Charge I, and Specifications 1 and 3, Charge II, the accused, at his off-base apartment, sold small quantities of drugs to military informants. At the time the informer received the marijuana charged in Specification 1, Charge II, he indicated he was going to sell it to people on base. These facts without more are insufficient to sustain jurisdiction. *United States v. Alef*, supra; *United States v. Lawson*, 4 M.J. 646 (A.F.C.M.R.1977).

The evidence as to Specification 2, Charge I, and Specification 2, Charge II, reflect factors that support the exercise of military jurisdiction. As to Specification 2, Charge I, the accused sold PCP to a military informant after negotiations on base. The negotiations were both in person and by telephone. During both conversations accused was on duty at the base hospital. At the time of delivery the buyer informed the accused that he was going to sell a portion of the PCP on base. As to Specification 2, Charge II, the same informant agreed with the accused to purchase some marijuana with the expressed intent of breaking it into smaller portions and selling

1. *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102. (1971).

it to officers on base. On the day of the sale, the accused, while on duty on-base, telephoned the informant, who was also on duty, to reaffirm the deal and to establish a time for the transfer.

We find that the facts in both instances establish (1) essential underlying negotiations on base, (2) a flouting of military authority, and (3) a threat to military personnel and property. The military interest in exercising jurisdiction under these circumstances was all pervasive. *United States v. McCarthy*, supra; *United States v. Curtis*, 54 C.M.R. 784, 2 M.J. 747 (A.F.C.M.R.1977), affirmed by order (4 November 1977).

■ Appellate defense counsels' second assignment of error asserts that the accused was denied his Sixth Amendment right of confrontation by the military judge erroneously taking judicial notice of a portion of the Department of Defense, Office of Information for the Armed Forces, "Information Guidance Series" (No. 5a—21 October 1976) relating to phencyclidine (PCP).

Paragraph 147a, Manual for Courts-Martial, 1969 (Revised), permits the taking of judicial notice of official information bulletins. This would appear to easily answer the question. But on at least one occasion the United States Court of Military Appeals has held a pamphlet was not admissible because of its content. In *United States v. Shick*, 7 U.S.C.M.A. 419, 22 C.M.R. 209 (1956), Air Force Manual 160–42, "Psychiatry in Military Law," was held to be inadmissible on the basis that it was a textbook or a treatise on the law of insanity and not competent evidence of the facts or opinions advanced by the authorities.

Therefore, we have to look elsewhere to determine the required content. The Federal Rules of Evidence permit the taking of judicial notice of facts not subject to reasonable dispute if they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." [2]

In the case at hand, the exhibit is a two page publication setting out information pertaining to the background, pharmacological information, pattern of use, and subjective effects of the drug phencyclidine. The information contained therein is factual and readily attainable from the National Institute of Drug Abuse. Therefore, we hold that judicial notice was properly taken of the official information bulletin, Information Guidance Series (No. 5a—21 October 1976).

The findings of guilty of Specification 1, Charge I, and Specifications 1 and 3, Charge II, are set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above indicated error and the entire record, only so much thereof as provides for a bad conduct discharge, confinement at hard labor for one year, forfeiture of $249.00 per month for one year and reduction to the grade of airman basic is

AFFIRMED.

EARLY, Chief Judge, and ORSER, Judge, concur.

2. Federal Rules of Evidence, 28 U.S.C. Rule 201(b).