UNITED STATES, Appellee,

v.

Specialist Four Keith G. HEIL, SSN 529–78–8347, United States Army, Appellant.

CM 436350.

U. S. Army Court of Military Review.

31 March 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Carlos A.

Vallecillo, JAGC, and Captain James J. Parwulski, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Steven M. Werner, JAGC, and Captain Brian X. Bush, JAGC, were on the pleadings for appellee.

Before CLAUSEN, C. J., and CARNE and COOK, Appellate Military Judges.

## OPINION OF THE COURT

COOK, Judge:

In accordance with Article 69, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 869, The Judge Advocate General referred this case for our review under Article 66, UCMJ.

Appellant pleaded guilty to the wrongful sale of marihuana at an off-post location in Anchorage, Alaska, on 19 April 1977. The trial judge conducted a hearing on the question of court-martial jurisdiction and, thereafter, denied appellant's motion for dismissal. We have been asked to review that ruling.

On 19 April 1977, Specialist Pittman was contacted on post by Special Agent Davis, who, unknown to Pittman, was working as an undercover operative. During this meeting Pittman and Davis negotiated the terms of a drug sale which was to be consummated at Pittman's off-post residence at 1700 hours that day.

At approximately 1900 hours, Davis arrived at Pittman's house. The appellant was outside working on his vehicle. Davis entered the house and haggled with Pittman over the price of a sizeable quantity of marihuana. Pittman stated that he was not authorized to decrease the price because the marihuana in question belonged to his roommate, the appellant; whereupon Pittman left and returned with the appellant. This was the first contact appellant and Davis had in regard to this transaction. No reference had been made to the appellant prior to this point in time. Davis testified that he then bargained over price with the appellant, relating to him that he was going to return to post with his purchase and that the marihuana was for the soldiers in Davis' unit. Eventually, appellant succumbed, lowered the price and sold Davis eight one ounce bags of marihuana.

Davis was in civilian clothes on the occasion of this transaction. He had never dealt in drugs with the appellant before this incident. Further, he stated that he made the representation that the marihuana was for the consumption of soldiers on post, pursuant to advice from the local Office of the Staff Judge Advocate, for the express purpose of attempting to establish military jurisdiction.

A *Relford* * analysis reveals:

1. Appellant was properly away from post.

2. The sale occurred exclusively off post.

3. The offense was committed at a place not under military control.

4. The crime was perpetrated within the United States.

5. It occurred in peacetime and was unrelated to the war powers authority.

6. There was no connection between the appellant's military duties and the crime.

7. The "victim" was not engaged in the performance of military duties.

8. The civilian courts were open and available.

9. There was no flouting of military authority.

10. There was no threat to a military post.

11. There was no violation of military property.

12. The offense is one traditionally prosecuted in civilian courts.

It appears that the sole, plausible basis for a contention that the military has jurisdiction over this off-post negotiated and consummated sale is premised on the statement by the undercover agent that he was

---

\* *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971).

buying the marihuana for the use of soldiers on post. Presumably, a sale under such circumstances is considered, by those who would bottom jurisdiction thereon, to involve a threat to a military post. That position, however, is undermined by the following language from *United States v. Alef*, 3 M.J. 414, 418 n.12 (C.M.A.1977), which the Court used in rejecting a similar assertion:

> "This sale and all the essential underlying negotiations occurred off-post with all indications from the record being that the parties had blended into the civilian community. Further, as the 'victim,' Sp 5 Hines, in this case, was an informant working for the OSI in a controlled buy, it is beyond cavil that the evidence of record indicates the factual impossibility of the substance being reintroduced into the military community in the manner spoken of in *United States v. McCarthy*, [25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26], *supra*."

In *United States v. Houston*, 4 M.J. 729 (A.F.C.M.R.1978), a sister service Court of Review considered the specific issue presented on this appeal and rejected a similar attempt to sustain service-connection on the basis of an informant's statement that the drugs were for subsequent on-post sale. This is not a new concept. *See United States v. Blancuzzi*, 46 C.M.R. 922 (N.C.M.R.1972).

Since there are no other legally cognizable factors upon which a conclusion of military jurisdiction can rest, dismissal is mandatory.

The findings of guilty and the sentence are set aside. The Charge is dismissed.

Senior Judge CARNE concurs.

CLAUSEN, Chief Judge, dissenting:

I believe that the sale of marihuana committed by appellant was service connected, and I would affirm his conviction.

This case is significantly different from *United States v. Alef*, 3 M.J. 414 (C.M.A. 1977). In this case, unlike *Alef*, the initial negotiations for the sale took place on post.

The analysis employed by the majority has the result of allowing a drug pusher to defeat court-martial jurisdiction by conducting his on-post drug dealings through an intermediary. Even disregarding Pittman's hearsay statement that appellant was the owner of the marihuana in question, I find sufficient competent circumstantial evidence to establish that Pittman was acting as appellant's agent for the purpose of negotiating the sale of this contraband. I find this evidence sufficient to support a permissible inference that Pittman's on-post activities in furtherance of this agency were done at appellant's behest. *See generally*, Paragraph 138a(2), Manual for Courts-Martial, United States, 1969 (Revised edition). Accordingly, I believe that these negotiations form the basis for the affirmation of military jurisdiction in this case.

Moreover, I believe that appellant's conduct constituted a threat to the military post. The purchaser in this case specifically told appellant that the marihuana involved was to be returned to the post for resale to other servicemen. This is a different factual situation than the one in *United States v. Alef, supra,* wherein the Court of Military Appeals refused to draw an inference that there was a threat to the post when the purchaser was an OSI agent. In the instant case, the buyer's announced intent to return the marihuana to post, coupled with the quantity of marihuana involved, foreseeably posed a threat to the military community. *See United States v. Kline*, 5 M.J. 584, 586 n.4 (A.C.M.R. 24 March 1978).

There is, moreover, another reason why this offense is service connected. As this offense was a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, it was an element of the offense that appellant's conduct was to the prejudice of good order and discipline in the Armed Forces, or of a nature to bring discredit upon the Armed Forces. I do not believe that this element is mere surplusage in a prosecution laid under the General Article. Not only does this element establish the line of demarcation between conduct which is

criminal and that which is merely irregular, it also plays an important role in the jurisdictional analysis. Conduct of an accused which negatively affects the good order, discipline, or reputation of the Armed Forces in a manner which is reasonably direct and palpable almost inevitably involves a threat to the military post or an adverse impact upon the duties of either the offender or the victim. Such an analysis was not made in *Alef, supra,* as that prosecution was brought under Article 92, an Article not involving this element of proof.* Application of this analysis to the instant case reveals that appellant's conduct prejudiced the good order and discipline of his post, totally apart from considerations of whether the marihuana in question would actually have been resold thereon. Accordingly, I believe that the military had the overriding, if not exclusive, interest in prosecuting this offense.

* Use of quotation marks around the word "victim" in the majority opinion and in *Alef* discloses a judicial uneasiness with the concept that the drug seller's victim is the buyer. A more reasoned analysis would demonstrate that the community is the actual victim of drug sales. While the buyer's status as the "victim" was assumed in *Alef,* I do not believe that it was decided.