UNITED STATES, Appellee,

v.

Kent W. MILES, Gunner's Mate (G)
Seaman, U.S. Navy, Appellant.

No. 39843/NA.
NMCM 80–0951.

U.S. Court of Military Appeals.

June 20, 1983.

For Appellant: *Lieutenant Commander
Georgia L. Winstead,* JAGC, USNR (on petition).

For Appellee: *Commander W.J. Hughes,*
JAGC, USN (on petition).

*Opinion of the Court*

PER CURIAM:

In separate specifications, appellant was charged with having possessed 5 doses and 100 doses of lysergic acid diethylamide (LSD) at Naval Submarine Base New London, Groton, Connecticut, on 1 May and 15 May, 1979, respectively, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. Also, in separate specifications, appellant was charged with having wrongfully introduced 5 doses and 100 doses of LSD to the Naval Submarine Base New London, Groton, Connecticut, on 1 May and 15 May, 1979, respectively, also in violation of Article 92. It appears from the allegations in each specification and from the evidence adduced at trial that the LSD possessed at the Naval Submarine Base New London on 1 May was the same LSD introduced the same day to that installation, and that the possession and introduction of LSD on 15 May are similarly related. Accordingly, the specifications alleging wrongful possession in each instance duplicated those alleging wrongful introduction, and the findings as to the former offenses cannot

stand. *United States v. Gonnella,* 14 M.J. 176 (C.M.A.1982); *United States v. Roman-Luciano,* 13 M.J. 490 (C.M.A.1982); *see United States v. Doss,* 15 M.J. 409 (C.M.A. 1983); *United States v. Baker,* 14 M.J. 361 (C.M.A.1983).

It further appears, however, that the military judge treated each possession specification as multiplicious with each introduction specification for purposes of sentence. In light of this, and considering the sentence adjudged and approved[1] in relation to the offenses of which appellant stands convicted,[2] we are convinced that appellant's sentence was not enhanced by the failure to set aside the multiplicious findings. Accordingly, no relief in the sentence is required.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to specifications 1 and 3 of the Charge (wrongful possession of LSD). The findings of guilty of specifications 1 and 3 are set aside and those specifications are dismissed. In all other respects the decision is affirmed.

COOK, Judge (dissenting):

As the providence inquiry made clear, the possession offenses occurred at times and locations removed from the points of introduction of the drugs onto the installation. Appellant conceded facts as to the possession offenses that were not necessary to the correlative introduction offenses, and vice versa. Similarly, each possession offense contained at least one element not contained in the corresponding introduction offense, and vice versa. There being no facial ambiguity as to the proscriptions, and no contrary expressions of intent by Congress or the President, the offenses were not multiplicious for findings as a matter of law. *United States v. Baker,* 14 M.J. 361, 371 (C.M.A.1983) (Cook, J., dissenting). I would affirm the decision of the United States Navy-Marine Corps Court of Military Review.

1. Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 5 months, forfeiture of $250 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence but he suspended the punitive discharge, confinement in excess of 80 days, and forfeitures in excess of $100 pay per month for 6 months for a period of one year from the date of adjudication.

2. In addition to the two instances of possession and introduction of LSD, appellant also was convicted of sale of the same 5 doses of LSD he possessed and introduced on 1 May.