**UNITED STATES**

v.

**Airman First Class Richard L. HARRIS, FR 407–82–6546 United States Air Force.**

**ACM 24327.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 Dec. 1983.

Decided 1 Aug. 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before RAICHLE, CANELLOS and CARPARELLI, Appellate Military Judges.

## DECISION

CARPARELLI, Judge:

Contrary to his pleas, the appellant was convicted by general court-martial with

members of one specification of violation of a lawful general regulation by possessing drug paraphernalia in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. Sec. 892, and of six separate specifications, each referring to divers occasions, of possession of marijuana with intent to distribute, distribution of marijuana, possession of marijuana, possession of cocaine and use of cocaine, all in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. The approved sentence includes dishonorable discharge, confinement at hard labor for five years, forfeiture of all pay and allowances, and reduction to airman basic.

Appellate defense counsel have assigned four issues for our review: one regarding the admissibility of extracts from *Drug Enforcement,* a Department of Justice periodical, and Air Force Office of Special Investigations (AFOSI) Regulation 124–46, 22 September 1978; a second issue regarding the military judge's ruling and subsequent instruction that certain impeachment evidence was admissible as residual hearsay under the provisions of Military Rule of Evidence 803(24), and two issues regarding multiplicity. We find merit in all of these issues.

Beginning in February 1982 the appellant began living in an off-base house in Valdosta, Georgia, with Senior Airman James W. Cornell and a third airman. Sometime in August 1982, Paul M. O'Dell, who was then also a member of the Air Force, moved into the house in place of the third roommate. In October 1982, Cornell moved out. On 18 January 1983 the Lowndes County Sheriff's Department Narcotics Unit searched the house pursuant to a warrant and found a baggie of marijuana, a serving tray bearing traces of marijuana, and a metric scale also bearing traces of marijuana. O'Dell chose to cooperate with the authorities and provided statements implicating both the appellant and Cornell in extensive involvement with marijuana, hashish, and cocaine. Cornell was prosecuted, pled guilty, and was convicted by general court-martial approximately three months prior to Harris' trial.

At Harris' trial Cornell testified that he himself had used and possessed marijuana and hashish on many occasions, that he had seen the appellant use and possess marijuana and hashish about forty times, and that he had seen the appellant sell marijuana about five times. He also testified that he had seen the appellant in possession of two half-kilo bricks of hashish which the accused disposed of quickly in a manner unknown to the witness. He related his own experience with marijuana and hashish and amply confirmed his ability to identify those substances. He also denied any involvement with cocaine and specifically denied seeing the appellant possess or use cocaine.

O'Dell testified to similar effect except that he reported seeing Cornell and the appellant in possession of 10 grams of cocaine on one occasion and seeing the same two using cocaine on several other occasions in which the cocaine was supplied by Cornell or O'Dell himself. O'Dell also testified as to his own ability to identify marijuana, hashish and cocaine.

A third witness, Sergeant Aea, also testified to similar effect regarding the appellant's use, possession, and sale of marijuana and hashish and the appellant's use of cocaine. Aea, however, testified that he had always supplied the cocaine which he saw the appellant use. Aea provided no corroboration of O'Dell's testimony that the appellant had used and possessed cocaine on other occasions.

I

 In its effort to prove possession with intent to distribute the drugs and distribution of the drugs, the prosecution offered an extract from AFOSI Regulation 124–46 regarding average dosage units of cocaine, hashish, and marijuana. Appellate defense counsel have challenged the admissibility of this extract as part of one assignment of error. We find no error in this aspect of the assignment. Mil.R.Evid. 201(b)(2). The remainder of that assignment of error argues that the military judge erred to the substantial prejudice of

the appellant by admitting two extracts from *Drug Enforcement:* one extract regarding marijuana and the other, cocaine. Although we agree that the extracts should not have been admitted without revision, we find the error harmless. Each extract was two pages long and contained extensive information. Trial defense counsel stated that he had no objection to the accuracy of the information contained in the extracts but objected on the basis of relevance. Government counsel successfully argued that the extracts were relevant because they would enable the court members to ascertain the identity of the substances observed by the witnesses by comparing the testimony with the descriptions in the extracts.

Although the extracts contained some information relevant to the issue of the identity of the substances, we find that they also contained extensive irrelevant information. We have previously recognized the validity of judicial notice of sources which describe the "background, pharmocological information, pattern of use, and subjective effects" of dangerous drugs. *United States v. Houston,* 4 M.J. 729, 731 (A.F.C. M.R.1978). It is axiomatic that such information must also be otherwise relevant and admissible in the context in which it is being offered. Mil.R.Evid. 402. The majority of the extracts in this case, specifically the information pertaining to medical uses, the possibility of physical and psychological dependence, the development of tolerance in users, the effects of overdose, withdrawal symptoms, history of use and regulation, chemistry, current research, the motivation of cocaine users in general, the reasons for regulation of cocaine, potential patterns of abuse, and possible mental aberrations and extreme physical trauma which may result from large doses was irrelevant to the issues during the findings portion of this trial and could only serve to improperly prejudice the court members. We therefore find that the military judge erred when he admitted Prosecution Exhibits 6 and 7 in the form in which they were offered during trial on the merits. In light of the abundant credible evidence of guilt,

however, we find such error to have been harmless. We nonetheless express our disapproval of the needless introduction of unfairly prejudicial information on the coattails of relevant evidence.

## II

Appellate defense counsel also argue that the military judge erred by instructing the court members that they could consider Prosecution Exhibit 15, a copy of a stipulation of fact from Senior Airman Cornell's trial, as substantive evidence under Mil.R. Evid. 803(24). We agree.

At his own trial, Senior Airman Cornell pled guilty and, contrary to his testimony at Harris' trial, stipulated to facts consistent with O'Dell's testimony against Harris. In fact, it is apparent that the stipulation was based on O'Dell's expected testimony in Cornell's trial. At Harris' trial the prosecution first called Cornell to testify regarding the appellant's involvement with marijuana and hashish. The defense later called Cornell to contradict O'Dell's testimony regarding both Harris' involvement with cocaine and certain particulars of the testimony regarding his involvement with marijuana and hashish. When confronted with the stipulation during cross-examination by government counsel, Cornell repudiated it saying he had tolerated its inaccuracy in order to keep the benefit of a negotiated plea agreement in his case. During the government's case in rebuttal, trial counsel offered Cornell's guilty plea stipulation of fact into evidence without specifying that he wanted it to be admitted under Rule 803(24) rather than for impeachment purposes only. During the Article 39(a) session on proposed findings instructions, however, the trial counsel stated that the stipulation qualified for admission under Rule 803(24) and requested that the court be instructed that the evidence could be considered as to the guilt of the accused as well as the credibility of Senior Airman Cornell. The military judge agreed, overruled the defense objection, and so instructed.

Rule 803(24) permits the admission of hearsay as substantive evidence of guilt or innocence under explicitly limited circumstances. This court has consistently noted that the rule's focus is narrow and that the rule is meant to be invoked sparingly and in rare circumstances. *United States v. White,* 17 M.J. 953 (A.F.C.M.R. 1984), citing *United States v. Bailey,* 581 F.2d 341, 346–347 (3d Cir.1978); *United States v. Crayton,* 17 M.J. 932 (A.F.C.M.R. 1984) and *United States v. Ruffin,* 12 M.J. 952 (A.F.C.M.R.1982), both citing *United States v. White,* 611 F.2d 531 (5th Cir. 1980). With this perspective we now consider whether the guilty plea stipulation of fact in the case of a purported accomplice fits within the Rule's narrow focus when that accomplice is available and testifies.

The Rule begins by stating a threshold condition which demands that the offered statement have circumstantial guarantees of trustworthiness equivalent to those recognized in "the foregoing exceptions." Mil.R.Evid. 803(24). We give this language its plain meaning and find that it refers only to the guarantees of trustworthiness in Rules 803(1) through 803(23).

The stipulation of fact in question is essentially a statement against penal interests made under the most damning circumstances possible. Such circumstances are recognized in Rule 804(b)(3) as circumstantially insuring trustworthiness. That rule, however, would act to bar admission of the statement unless its declarant were first shown to be unavailable. As the declarant Cornell was available and did testify, his guilty plea stipulation of fact was inadmissible under Rule 804(b)(3). Presumably trial counsel was aware of this and, instead, sought admission of the statement under Rule 803(24) which does not require that the declarant be unavailable.

We are aware that in *United States v. Whalen,* 15 M.J. 872 (A.C.M.R.1983), a case involving substantially similar facts, the Army Court of Military Review upheld admission, under Rule 803(24), of a prior inconsistent statement against penal interests. We decline, however, to adopt their reasoning. Although Cornell's statement against his penal interests bears the same guarantee of trustworthiness as that recognized in Rule 804(b)(3), it does not bear any guarantee equivalent to those found in Rule 803. The discrepancy is important and more than semantic.

The requirement that a witness be unavailable before some forms of hearsay will be admitted has evolved at common law in connection with the various hearsay exceptions. Fed.R.Evid. 804 advisory committee note. Federal Rules 803 and 804 as well as Military Rules 803 and 804 incorporated many of those common law requirements. Our system of justice has historically preferred live testimony over hearsay. Live testimony has the advantage of being under oath, permitting the jury to observe the demeanor of the witness and enabling cross-examination. Although the rules regarding hearsay and the Sixth Amendment Right of Confrontation share mutual concerns, they are not identical. Indeed, where, as here, the declarant testifies and is cross-examined before the court-members, admission of his out-of-court statement does not violate the Confrontation Clause. *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). Nevertheless, both the Federal and Military versions of Rule 804 consistently express a clear and unqualified requirement that the declarant be unavailable before his statement against penal interests can be admitted. The force of this requirement is manifest in several aspects of the rules regarding hearsay.

First, we note the following from the Advisory Committee Note regarding Federal Rule 804(b):

Rule 803 *supra* is based upon the assumption that a hearsay statement falling within one of its exceptions possesses qualities which justify the conclusion that whether the declarant is available or unavailable is not a relevant factor in determining admissibility. The instant rule [Rule 804(b)] proceeds upon a different theory: hearsay which admittedly is not equal in quality to testimony of the

declarant on the stand may nevertheless be admitted if the declarant is unavailable and if his statement meets a specified standard. The rule expresses preferences: testimony given on the stand in person is preferred over hearsay, and hearsay, if of the specified quality, is preferred over complete loss of the evidence of the declarant.

Second, Rule 801(d) provides for circumstances under which out-of-court statements are admissible as non-hearsay. Rule 801(d)(1)(A) specifically addresses situations where, as here, the declarant testifies at trial, is subject to cross-examination, and his testimony is inconsistent with his prior statement. The Rule, however, allows the out-of-court statement only if it was under oath. It thus emphasizes the preference for live testimony and the oath as a reason underlying that preference. Third, even in situations where the prior statement was given under oath and was subject to cross-examination by the party against whom it is subsequently offered, Rule 804(b)(1) requires that the declarant be unavailable. Fourth, and most significantly, the Rules provide not one but two residual rules: Rule 803(24) and Rule 804(b)(5). The two are identical in wording and differ in application only as regards the availability of the declarant. To permit proponents of hearsay to freely elect to proceed under the less demanding rule without limitation would quickly and completely defeat the purpose of Rule 804(b)(5).

■ Given these rules and committee comments we interpret the requirement for unavailability in Rule 804(b)(3) to be a fundamental and controlling expression of preference for live testimony over hearsay statements against penal interests when the declarant is available. To avoid undermining Rule 804 and its requirement of unavailability, we hold that the Rule 803 requirement that hearsay evidence bear circumstantial guarantees of trustworthiness equivalent to "the foregoing exceptions"

must be construed as referring only to the exceptions in Rules 803(1) through 803(23).

■ Consequently we hold that the stipulation in question was not admissible under Rule 803(24); that, regardless of whether admissibility of the statement is controlled by Rule 804(b)(3) or Rule 804(b)(5), it was not admissible as substantive evidence [1] because the declarant Cornell was available and testified at trial; and that the military judge erred when he ruled otherwise and instructed the court that it could consider the statement as substantive evidence.

■ Turning to the question of prejudice, the question is not whether the court members were correct in their conclusion as to the guilt of the accused but rather what effect the error had or "reasonably may be taken to have had upon the jury's decision." *Kotteakos v. United States*, 328 U.S. 750, 764, 66 S.Ct. 1239, 1247, 90 L.Ed. 1557 (1946); *United States v. Barnes*, 8 M.J. 115 (C.M.A.1979). We find no prejudice as to Specifications 1 through 4 of Charge I. As to Specifications 5 and 6, however, we note that Cornell's testimony was in direct conflict with O'Dell's in regard to both cocaine offenses; that the military judge gave an accomplice instruction in regard to O'Dell; that the trial counsel argued that the stipulation could be considered in its own right; and that the court acquitted the accused of the one specification (Specification 7, Charge I, possession of cocaine with intent to distribute) which was not corroborated by the improperly admitted stipulation. We are unable to "say, with fair assurance, after pondering all that happened ... that the judgment was not substantially swayed by the error." *Kotteakos v. United States, supra*, 328 U.S. at 765, 66 S.Ct. at 1248. We, therefore, find that the instructional error was prejudicial to the substantial rights of the appellant to the extent that the convictions of Specification 5, possession of cocaine on divers occasions, and Specification

---

**1.** It was admissible only for the purpose of impeaching Senior Airman Cornell. Mil.R. Evid. 613(b).

6, use of cocaine on divers occasions, pertain to the incidents reported by Paul M. O'Dell and corroborated by the improperly admitted stipulation. As we cannot conclude with fair assurance that either conviction was not based entirely on such testimony and evidence to the exclusion of the testimony of Sergeant Aea, we are compelled to set aside the findings of guilty as to both Specifications 5 and 6.

### III

Appellant's remaining assignments of error claim that the finding of guilty of possession of marijuana with intent to distribute is multiplicious with the separate findings of guilty of distribution and of possession; and that the possession of drug paraphernalia is multiplicious for sentencing with all of the drug use, possession, and distribution specifications. We have considered these issues and reviewed all the charges and specifications for multiplicity errors as to findings. *See United States v. Holt,* 16 M.J. 393 (C.M.A.1983).

■ In Specification 2 of Charge I the appellant was convicted of distributing marijuana on divers occasions. This allegation of multiple distributions fairly embraces the allegations in Specification 1 that such distributions were attended by an intent to distribute and by possession of the marijuana which was distributed. *United States v. Baker,* 14 M.J. 361 (C.M.A.1983). There is no evidence that the appellant failed to distribute any marijuana which he possessed for the purpose of distribution. We therefore set aside the findings and dismiss Specification 1 of Charge I, possession with intent to distribute, as multiplicious with the finding of guilty of wrongful distribution in Specification 2. *See United States v. Garcia-Lopez,* 16 M.J. 229 (C.M.A.1983) and *United States v. Miles,* 15 M.J. 431 (C.M.A.1983).

■ Similarly, we compare Specifications 2, 3, and 4. Specification 2, distribution of marijuana on divers occasions, fairly embraces allegations that the appellant possessed the marijuana he distributed. *United States v. Baker, supra.* Specification 4, use of marijuana on divers occa-

sions, fairly embraces allegations that the appellant possessed the marijuana he used. *United States v. Bullington,* 18 M.J. 164, 165 (C.M.A.1984); *United States v. Baker, supra.* The only evidence that the accused possessed any marijuana in excess of that distributed and used refers to the relatively small amount which was discovered in the search by the Lowndes County Sheriff. As there was insufficient evidence from which the court could properly conclude that the amount seized was intended to be distributed, that portion of Specification 3, Charge I, possession of marijuana, which pertains to possession on or about 18 January 1983 is therefore separate from all other offenses. All remaining possessions were, however, multiplicious for findings with either the distributions or uses. *See United States v. Garcia-Lopez, supra,* and *United States v. Miles, supra.* The finding of guilty of Specification 3, Charge I, is therefore modified to reflect possession "on or about 18 January 1983" rather than "on divers occasions" during the period alleged.

The findings of guilty of Specifications 1, 5, and 6 of Charge I are set aside. Specification 1 is dismissed. In the interest of judicial economy we also dismiss Specifications 5 and 6. The Specification of Charge II, Specifications 2 and 4 of Charge I, and Specification 3 of Charge I, as modified, are affirmed.

■ Finally, we find that the Specification of Charge II, violation of a lawful general regulation by possession of drug paraphernalia and Specification 3, Charge I, as modified, are multiplicious for sentencing purposes. *United States v. Bell,* 16 M.J. 204 (C.M.A.1983) (summary disposition).

In light of our findings we also reassess the sentence and find appropriate only so much as provides for dishonorable discharge, confinement at hard labor for three years, forfeiture of all pay and allowances, and reduction to airman basic. The findings and sentence, as modified, are

AFFIRMED.

RAICHLE, Senior Judge and CANELLOS, Judge, concur.