**UNITED STATES**

v.

**Senior Airman Gregory W. EADS, FR 439–21–4747 United States Air Force.**

**ACM S27492.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 April 1987.

Decided 24 Aug. 1987.

Appellate Counsel for the appellant: Colonel Leo L. Sergi, Major Timothy J. Malloy and Lieutenant Colonel Michael Sofocleous, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Kathryn I. Taylor and Major Robert J. Webster, USAFR.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

The appellant pleaded guilty and was found guilty pursuant to his pleas of the wrongful use of methamphetamine at divers times over a period of nine months. A stipulation of fact reflected that the appellant used the methamphetamine by sniffing it in a powdered form on approximately 20 occasions, usually in the company of others. A panel of members adjudged a sentence extending to a bad conduct discharge, confinement for three months, forfeiture of $438.00 per month for three months and reduction to airman basic. This sentence was approved by the convening authority.

The appellant argues that the military judge erroneously accepted into evidence for sentencing purposes the trial counsel's proffer of an extract from a Drug Enforcement Administration publication on the effects of amphetamines, including methamphetamines as a subclass. A hearsay objection to admission of the extract was made in a timely manner by the trial defense counsel, thus preserving the issue for appeal. Extracts such as that which the military judge admitted in this case have been accepted as sentencing evidence by military judges more or less routinely in recent years. Indeed, we have endorsed this practice. *United States v. Needham*, 19 M.J. 640 (A.F.C.M.R.1984), *aff'd*, 23 M.J. 383 (1987); *United States v. Harris*, 18 M.J. 809 (A.F.C.M.R.1984); *United States v. Houston*, 4 M.J. 729 (A.F.C.M.R.1978). However, practitioners who have not done so would benefit from a close reading of the March 1987 opinion of the Court of Military Appeals which affirmed our opinion in *Needham, supra*. We believe those who do will find that the law is not as clear as they might have thought it was. The use of extracts from government publications to educate court members on the effects of drugs is now subject to question.

*Needham* instructs us that reliable, descriptive information on the nature of the controlled substance involved in a given case is relevant sentencing information and states: "To hold otherwise would require the trier-of-fact to operate in a vacuum and be insulated from the reality of the drug epidemic in our society." 23 M.J., at 384. Such information will normally not be deemed unduly prejudicial to an accused's interests if a proper balancing test is performed in accordance with Mil.R.Evid. 403, *Id.*, 384–385. Up to this point in *Needham*, the Court of Military Appeals confirms the validity of earlier decisions of this Court, cited earlier. *Needham*, however, then discusses, but does not resolve, the issue of whether a drug abuse publication is a proper matter for judicial notice. The issue was not resolved because it had not been adequately developed at the trial. Judge Sullivan, writing for the Court, expressed "some doubt" whether the Drug Enforcement Administration publication in that case met the necessary requirements for judicial notice in accordance with Mil.R. Evid. 201(b), 23 M.J., at 385. Thus, while *Needham* assures us that reliable information on the nature of a pertinent controlled substance is relevant for sentencing purposes in a drug abuse trial, case law at this point has not defined for military practitioners the precise form and manner for communicating this information to the triers of fact. In other words, while the message is valid, the medium is doubtful.

Judicial notice was not relied upon in the case at hand. While a portion of the trial counsel's argument on admissibility of the extract can be construed as an invitation to the military judge to judicially notice the material, he did not do so. This is not surprising. Military judges who consider judicial notice of relevant drug abuse extracts from official publications become aware of an unavoidable paradox. That which is more easily judicially noticed may be of marginal value for courts-martial panels, while that which might be of greater educational value often presents a much more difficult issue when proffered for judicial notice. If the factual substance of background material concerning a drug is either generally well known and accepted or is otherwise capable of ready determination by resort to reliable sources, judicial notice is clearly facilitated. *See* Mil.R. Evid. 201. However, material that is more

easily judicially noticed is less likely to have much in the way of educational value for courts-martial members, who are, inevitably, well informed members of the community. In this particular case the proffered drug abuse material arguably represented the other end of the paradox. In objecting to the extract, the trial defense counsel opined concerning one portion, "I don't believe that is supported by any kind of medical evidence. It is just speculation." Material proffered for judicial notice which is subject to debate concerning its accuracy or is otherwise difficult to verify is less likely to receive favorable consideration from a cautious military judge. This is the type of material that might be very beneficial to the members if placed before them. On the other hand, if it cannot be readily verified, it has the capacity to mislead them. Most judges are not eager to take judicial notice of matters at this end of the paradox if they do not feel that they could reasonably vouch for their validity. This is a conservative approach, certainly, but a sound approach.

■ The issue before us does not concern judicial notice, which is a subject that undoubtedly awaits future appellate litigation. Our issue concerns the question of whether a military judge may admit an extract from a governmental publication on drug abuse as aggravation under the relaxed rules of evidence for sentencing in the absence of judicial notice. Our answer is that he may not.

The military judge admitted the drug abuse extract in this case while noting that, as an official publication, it was self-authenticating under Mil.R.Evid. 902(5). He also noted that Mil.R.Evid. 1101(c) provides that the rules of evidence are relaxed in sentencing proceedings. As to his first point, we will observe that authentication is a part, but only a part, of the admissibility question. Fully authenticated hearsay does not become admissible. Trial counsel could point to no hearsay exception which justified admission of the extract, nor are we aware of one that clearly applies. We do not address the issue of whether Mil.R. Evid. 803(8) might be applicable. This pos-

sibility was not raised at trial, nor was the record developed adequately to allow us to consider it for the first time on appeal. We must, instead, consider the more basic question of whether the relaxed rules applicable to sentencing allowed for the receipt of the extract directly into evidence over the defense hearsay objection.

Mil.R.Evid. 1101(c) provides that the rules of evidence "may be relaxed in sentencing proceedings as provided under R.C.M. 1001 and otherwise as provided in this Manual." However, R.C.M. 1001 provides no general relaxation of the rules with respect to documentary aggravation evidence, which is what the proffered extract in this case was. The provision which is most nearly applicable is R.C.M. 1001(e)(1), which allows, more narrowly, for the substitution of other forms of evidence for live witness testimony. *See* R.C.M. 1001(e)(2)(D), which is incorporated in the above Rule by reference. Other, more general relaxation provisions relate to matters presented in extenuation and mitigation, R.C.M. 1001(c)(3), and matters presented in rebuttal and surrebuttal, R.C.M. 1001(d). Nothing in Mil.R.Evid. 1101(c) nor R.C.M. 1001 overcomes a hearsay objection to an extract of drug abuse information such as was proffered and accepted in this case. The extract was erroneously admitted.

■ The Court of Military Appeals in *United States v. Needham, supra,* while dealing with the issue of judicial notice, provided guidance for determining prejudice when a drug abuse extract has been improperly placed before members in sentencing. The military judge may take appropriate actions "which dampen the effects of" a drug abuse extract. 23 M.J., at 385. For instance, *Needham* suggests that military judges give a limiting instruction relating to consideration of drug abuse extracts. We believe an appropriate instruction to the members would apprise them that the material in the extract is intended to provide information concerning the nature and effect of the use of a particular controlled substance, but that it does not purport to describe the abuse engaged in by the accused. The members should be

advised that, with respect to abuse by a particular accused, they should consider the other evidence in the case. No such limiting instruction was provided in this case. However, the military judge referred to the extract in enumerating aggravating sentencing factors. *United States v. Wheeler*, 17 U.S.C.M.A. 274, 38 C.M.R. 72 (1967). He advised the members that they should consider the extract "with regard to the characteristics of the drug involved in this case." Trial counsel made appropriate reference to the extract in his sentencing argument in saying: "It is there to inform you about the drug, methamphetamine, so that you know why the drug is illegal, and why its use must be deterred." Defense counsel, after objecting vehemently to admission of the extract, referred to the extract in asking the members to consider the psychological dependency that a user may develop. Even though the members did not receive a limiting instruction, they were not invited by the parties at trial to consider the information before them in anything other than an appropriate manner.

*Needham* also suggests that a military judge consider deleting those portions of an extract objected to by the defense as irrelevant. Herein, the defense counsel made timely objection to portions of the extract, but no material was deleted. The defense counsel objected particularly to examples of abuse in the extract which had no discernible connection with the appellant's uses as reflected in the stipulation of fact before the members. Examples of abuse set forth in the extract ranged from the relatively benign; teenagers casually using medical inhalers sold without prescription and housewives orally ingesting amphetamines in excessive amounts, to the hardcore fringe of the drug culture; "speed freaks," notorious for "their bizarre and often violent behavior." While the members should not have experienced a great deal of difficulty in distinguishing these examples of abuse from the acts of the appellant, a judicious culling out of potentially misleading material would have been in order.

■ While we conclude that the potential for prejudice was slight in this case, we cannot discount the possibility that the drug abuse extract, erroneously admitted, had some impact on the sentence. Accordingly, we will reassess the sentence. We note that the appellant wrongfully used methamphetamine on a routine basis during the period covered by the specification. He had four years of generally satisfactory service but had received two nonjudicial punishments, neither of which was related to drug abuse. His sentence certainly could not be viewed as excessive when measured against the level of drug abuse involved. We reassess the sentence with these factors in mind.

We approve only so much of the sentence as extends to a bad conduct discharge, confinement for three months, forfeiture of $200.00 per month for three months and reduction to airman basic. We are convinced that the reassessed sentence is appropriate for the offense of which the appellant stands convicted and is no greater than would have been adjudged if the drug abuse extract had not been placed before the members.

As matters now stand trial counsel have no assurance that drug abuse extracts will readily be received as aggravation evidence or, if judicially noticed or otherwise admitted, will survive an attack on appellate review. We offer the thought that most Air Force installations have a number of personnel assigned who have acquired a certain amount of expertise on the nature and effect of a variety of controlled substances. Many of these personnel could provide members with useful background information if called as witnesses. A few, unquestionably, might well be capable of relating inaccurate or misleading information. Astute trial counsel in most instances will readily identify those in the latter category well prior to trial. If not, astute defense counsel will undoubtedly expose their deficiencies at trial. All counsel, in considering how best to proceed in the future, must bear in mind the full message of *Needham*. The drug abuse information sought to be conveyed has been judicially determined to be relevant and highly useful in most instances in which an accused has been found guilty of a drug-related of-

fense. The proper means of conveying the information is what remains at issue.

We have examined the record of trial, the assignment of errors and the government's reply thereto and have concluded that the findings and sentence, as modified, are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the modified sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge STEWART concur.