**Michael REED, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11766.**

District of Columbia Court of Appeals.

Nov. 23, 1977.

Richard A. Rosen, Public Defender Service, was on the motion for appellant.

Earl J. Silbert, U.S. Atty., John A. Terry and John W. Polk, Asst. U.S. Attys., Washington, D. C., were on the opposition to the motion for appellee.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges, in chambers.

NEBEKER, Associate Judge:

Appellant has filed a motion for leave to inspect, for purposes of argument on appeal from his conviction in the trial court, certain investigative notes of a Metropolitan Police officer who was a witness at appellant's trial. Appellant does not contest the exclusive applicability of the Jencks Act, 18 U.S.C. § 3500 (1970), to discovery of this material or the propriety of an *in camera* determination of discoverability at the trial level. Rather, he argues that the Jencks Act does not preclude, and his right to counsel dictates, disclosure on appeal so that he may effectively argue asserted error in the trial court's *in camera* determination that certain portions of the material were not discoverable. We disagree.

The limited question of discoverability, for the purpose of argument on appeal, of material assertedly subject to the Jencks Act is one of first impression. It is true, as appellant argues, that the statute does not, explicitly and by its terms, preclude discovery in this court. Nor does it, explicitly and by its terms, permit discovery by an appellant. The statute merely provides that statements or portions thereof withheld from the defendant at trial shall, on appeal from conviction, "be made available to the appellate court for the purpose of determining the correctness of the ruling of the trial judge." 18 U.S.C. § 3500(c).

We are thus faced, at least initially, with a question of construction similar to that resolved in *Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). In that case the Court noted that the Jencks Act "does not, in so many words, state that it is the exclusive, limiting means of compelling for cross-examination purposes the production of statements of a government witness . . . ." *Id.* at 350, 79 S.Ct. at 1223. But the legislative history of the Act indicated a fear "that disclosure of memoranda containing the investigative agent's interpretations and impressions might reveal the inner workings of the investigative process . . .," and the Court concluded that "statements of a government witness . . . which cannot be produced under the terms of [the statute] cannot be produced at all." *Id.* at 350, 351, 79 S.Ct. at 1224.

The construction of this provision of the statute as exclusive, we believe, is likewise applicable to the construction of § 3500(c). Although the *Palermo* Court did not construe the appeal provisions of the statute, it did hold that *in camera* review at the trial level was valid and in accord with the purpose of the statute as a whole:

> The Act's major concern is with limiting and regulating defense access to government papers, and it is designed to deny such access to those statements which do not satisfy the requirements of [subsection (e) of the Act], or do not relate to the subject matter of the witness' testimony. It would indeed defeat this design to hold that the defense may see statements in order to argue whether it should be allowed to see them. [*Id.* at 354, 79 S.Ct. at 1226.]

Defeat of this design would be no less likely were we to hold that counsel on appeal could "see statements in order to argue whether [he] should be allowed to see them." *Id.*

 Appellant asserts, however, that his right to effective assistance of counsel compels disclosure, and refers us to floor debate on the Act which raised the same concern. 103 Cong. Rec. 15788–89 (1957) (colloquy, Senators O'Mahoney, Clark, and Lausche). We begin by noting that amendatory language mentioned in that debate, which would have permitted disclosure to counsel on appeal, was never adopted. More importantly, however, the cases relied upon by appellant for his Sixth Amendment argument are wholly inapplicable to the instant situation. It is true that an appellant in a criminal case is entitled to counsel

for "examination into the records, research of the law, and marshalling of arguments on his behalf . . . ." *Douglas v. California*, 372 U.S. 353, 358, 83 S.Ct. 814, 817, 9 L.Ed.2d 811 (1963). And to fulfill this function, counsel must have a full record of the proceedings below. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Hardy v. United States*, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964). But the material whose disclosure is sought here is not part of the record of the trial. The statute is clear that "the entire text of [the disputed] statement shall be preserved [for appeal] by the United States", not by the trial court. 18 U.S.C. § 3500(c). It would be inconsistent, moreover, to hold that an appellant has greater rights to the assistance of counsel in this court than he had as a defendant in the trial court. The function of an appellate court is to review the proceedings at trial, not to conduct them anew. Advocacy does not begin on appeal.

■ Finally, appellant argues that we should adopt a balancing test to determine whether disclosure is proper. We are asked to "weigh the competing needs of appellant and the government." A number of problems inhere in this argument. First, it is inconsistent with appellant's Sixth Amendment argument, for such a balancing test would necessarily be applied by this court without the benefit of adversary proceedings. Second, both the cases relied upon for such a balancing test involved the inspection of government material for the purpose of determining whether the government's evidence was obtained by illegal means. *Alderman v. United States*, 394 U.S. 165, 201, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969) (Fortas, J., concurring in part and dissenting in part); *United States v. Lemonakis*, 158 U.S.App.D.C. 162, 184, 485 F.2d 941, 963 (1973). The procedure for such determination had not been preempted by legislation, so the posture of those cases was much the same as *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957). The applicability of *Jencks*, however, was mooted by the statute. *Palermo v. United States, supra.* Finally, appellant's argument ignores the pur-

pose of the statute to remove such balancing tests from the process of judicial determination of discoverability. Once the court determines that the material sought is a "statement" of a government witness (as defined by subsection (e) of § 3500) and is relevant to the trial, it need not engage in weighing these factors against the governmental privilege of secrecy. This balance is for the government to strike, for the government stands to lose the testimony should it not elect to produce a relevant statement. 18 U.S.C. § 3500(d). Were we to adopt a balancing test, an appellant would generally not be entitled to as much as he would under the limited criteria of the statute, which does not require the court to weigh any governmental interest.

Appellant's entire argument ignores the essential design of the statute: to remove the issue of discovery of this type of material from the adversary process. As the Court noted in *Palermo*, such procedural determinations are the subject of judicial legislation only when Congress has not acted. 360 U.S. at 345, 349, 79 S.Ct. 1217. Congress has so acted, and we are bound to follow its mandate.

The motion to inspect is

*Denied.*