UNITED STATES, Appellee,

v.

**Aviation Boatswain's Mate Airman Apprentice, Charles M. MUKES, III, U.S. Navy, Appellant.**

No. 45,190.
NMCM 82 0251.

U.S. Court of Military Appeals.

Aug. 6, 1984.

For Appellant: *Commander Matthew J. Wheeler*, JAGC, USNR, and *Captain W. J. Ciaravino*, USMC (on brief).

For Appellee: *Commander W. J. Hughes*, JAGC, USN, and *Lieutenant Sandra R. Ganus*, JAGC, USNR (on brief).

*Opinion of the Court*

PER CURIAM:

At this general court-martial with members,[*] appellant was convicted of conspiracy to commit robbery and of robbery, under Articles 81 and 122, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 922, respectively. Prior to the trial leading to this conviction, the Government, on proper motion, proffered evidence of an unsuccessful attempted robbery against Petty Officer Engle and the testimony of Seaman Jones, a fellow conspirator in the attempted robbery of Petty Officer Engle and the present robbery charge. The Government based its right to the introduction of this uncharged misconduct evidence on Mil.R. Evid. 404(b). It states:

*Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowl-

---

[*] Appellant was sentenced to a bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for 1 year, and reduction to pay grade E-1. The convening authority approved the findings and sentence adjudged. The United States Navy-Marine Corps Court of Military Review affirmed the approved findings and sentence.

edge, identity, or absence of mistake or accident.

In response, trial defense counsel filed a motion *in limine* arguing that this evidence did not fall within the purview of the rule set forth above; and, in the alternative, if it did, the evidence should be excluded under Mil.R.Evid. 403. It provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighted [sic] by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The trial judge found against the motion *in limine*, allowing the introduction of the evidence and giving an instruction as to its limited use. We are now required to determine if the trial judge was correct in this ruling. We believe that he was.

■■■ When the trial court is dealing with the crime of conspiracy, it must ascertain that the evidence introduced shows the accused possessed deliberate, knowing, and specific intent to join the conspiracy, not merely that he was associated with persons who were part of the conspiracy or that he was merely present when the crime was committed. *See United States v. Glen-Archila*, 677 F.2d 809 (11th Cir. 1982). In this case, the testimony of Petty Officer Engle and Seaman Jones went to this particular intent and such a purpose was necessary for introduction of evidence under Mil.R. Evid. 404(b). The nature of the testimony of Engle, as the would-be victim, and of Jones, as the associate in the attempt and as a participant in the crimes charged, provides the ingredient necessary to make the evidence admissible under Mil.R.Evid. 404(b). *See United States v. Holman*, 680 F.2d 1340 (11th Cir. 1982).

■■■ This Court in *United States v. Thomas*, 11 M.J. 388, 394 (C.M.A. 1981), said: "The only limitation on admission is a proper exercise of the judge's discretion to exclude the evidence if its probative value is outweighed by such dangers as unfairly prejudicing the accused or confusing the trier of fact. *Cf.* Mil. R. Evid. 403." An attempt to invoke Mil.R.Evid. 403 will always give rise to a discretionary call by a trial judge. The appellant has the burden of going forward with conclusive argument that the judge abused his discretion. We conclude that he has not met the burden in this case.

Relying on our opinion in *United States v. Brannan*, 18 M.J. 181 (C.M.A. 1984), regarding the application of Mil.R.Evid. 404(b) to proffered evidence, we affirm the decision of the United States Navy-Marine Corps Court of Military Review.