**UNITED STATES**

v.

**Sergeant Sharyn L. ADAM, FR 558–15–9527, United States Air Force.**

**ACM S26608.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Oct. 1984.

Decided 24 May 1985.

682

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., and Lieutenant Colonel Robert L. McHaney, Jr., USAFR.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

The appellant was convicted, contrary to her pleas, of possession of drug abuse paraphernalia and marijuana, and use of methamphetamine. She was sentenced to a bad conduct discharge, forfeiture of $200.00 per month for two months, and reduction to airman basic.

The appellant lived with her civilian husband in a town near March Air Force Base, California. Her name was mentioned to the Air Force Office of Special Investigations (OSI) as a source of drugs by an airman who approached the OSI after the airman provided a urine sample she feared would produce a positive result. Based on the information she provided about the appellant, the OSI set up a controlled buy of methamphetamine from the appellant.[1] The OSI provided information about the appellant's drug activities to the local sheriff's department. The sheriff's department obtained a civilian search warrant for the appellant's house.

The search was conducted by the sheriff's department. The search party entered the home forcibly after receiving no response to their repeated knocking and announcement of their status and intent. When the appellant arrived home, she found her husband handcuffed to the couch in the living room and about six people searching the house. After a thorough search, they found 13 items in an area of the living room partially obscured by the stereo system.[2]

Some of the items had residue on them. After having the custody of the items properly transferred from the sheriff's department to OSI, an OSI special agent scraped some of the residue and tested it. The residue scrapings tested positive for marijuana in both a field test and a test by a California state laboratory. The possession of marijuana charge resulted from this residue. The appellant now asserts that the evidence is insufficient to convict her of either the possession of drug paraphernalia or the associated charge of possession of marijuana.

When a search reveals contraband in an area under one person's exclusive control, possession may be inferred. It is not so simple when the contraband is found in public areas, or in private areas that are for the exclusive use of more than one person such as dormitory rooms or family dwellings.

The concept of inferring possession when the item is not physically or exclusively possessed is sometimes referred to as constructive possession. The Court of Military Appeals discussed constructive possession in *United States v. Wilson*, 7 M.J. 290 (C.M.A.1979):

> ... (W)here one is in nonexclusive possession of premises, it cannot be inferred that he knew of the presence of drugs or that he had control of them unless there are other incriminating statements or circumstances tending to buttress such an inference.

---

1. She was acquitted of the charge that resulted from this controlled buy.

2. The items seized were: 3 bongs, a brass pipe bowl, a small pipe bowl, 3 pipes, a brass piece for smoking marijuana, alligator clips, hemostats, scales, and a packet of razor blades.

In the present case the appellant apparently shared nonexclusive possession of her dwelling with her husband and their young child and with a male house guest who was a friend of her husband. According to the testimony of an OSI agent at trial, twelve of the items seized appear to be primarily intended for use with marijuana. The agent further testified that the thirteenth item, a bundle of razor blades, is not usually used with marijuana, but may well be intended for use with methamphetamines.

■ Two witnesses testified they had seen the appellant use razor blades to prepare methamphetamine in the same living room in which the paraphernalia was seized. This testimony, along with the proximity of the seized paraphernalia to where she had been observed using razor blades, and the evidence of her use of methamphetamine, are sufficient "other incriminating statements or circumstances" to buttress the inference that the appellant possessed the razor blades.[3]

■ No statements or actions were introduced at trial which would associate the appellant with any of the drug abuse paraphernalia other than the razor blades. Her only statement concerning the seizure of the paraphernalia—"Why are you taking those?"—was neutral and raised no inference of her possessing or controlling the items being seized. Additionally, no witness testified to seeing her use or deal with marijuana or its associated paraphernalia. Association with one type of drug is usually not enough, by itself, to bolster the inference of constructive possession of a different drug and sustain a conviction of that different drug. *See People v. Monson,* 255 Cal.App.2d 689, 63 Cal.Rptr. 409 (1967). Because there is no evidence of her involvement with marijuana, we are not convinced beyond a reasonable doubt that the government proved the appellant possessed the marijuana-related drug abuse paraphernalia or its residue of marijuana. U.C.M.J., Article 66c, 10 U.S.C. § 866(c).

The specification of Charge I alleges that the appellant violated a "lawful general regulation to wit: para 3–5, Air Force Regulation 30–2, dated 22 June 1981, by wrongfully possessing drug abuse paraphernalia". Because of the general wording in the specification, we do not need to modify the findings of guilty of Charge I and its specification, even though we find it was not proved that the appellant possessed the other twelve items of paraphernalia. Possession of the razor blades was enough to establish the entire offense as charged. On the other hand, Charge II and its specification of marijuana possession are based solely on the marijuana residue found on the paraphernalia. Accordingly, Charge II and its specification are set aside and dismissed. The appellant's other assertions of error are resolved against her.

We must now reassess the sentence. We find appropriate only so much of the sentence as extends to bad conduct discharge and reduction to airman basic. The findings of guilty and the sentence, both as modified, are

AFFIRMED.

HODGSON, Chief Judge, and FORAY, Senior Judge, concur.

---

**3.** The following categories of evidence have been cited as affecting an accused's liability for constructive possession:

—Statements made by the accused.
—Suspicious behavior.
—Previous sale of drugs.
—When accused is a user of drugs (especially the same drug).
—Proximity of the accused to the drugs seized.
—Proximity of the accused's personal belongings to the seized drugs. Annot., 56 A.L.R.3d 948 (1974).