**UNITED STATES, Appellant,**

v.

**Lieutenant Colonel John W. MAYER, Appellee,**

**Technical Sergeant Roosevelt D. Whitten, Real Party in Interest.**

**COMR DKT. No. 85A–01.**

U.S. Air Force Court of Military Review.

5 Sept. 1985.

GRANTED.

Colonel Kenneth R. Rengert and Major Robert E. Ferencik, for appellant.

Colonel Leo L. Sergi and Captain Timothy J. Malloy, for appellee.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

### DECISION

FORAY, Senior Judge:

Pursuant to Article 62, U.C.M.J., 10 U.S.C. § 862, and R.C.M. 908(b), the Government has filed an appeal asking this Court to set aside two rulings made by the military judge below. The first of these was the military judge's ruling granting

the accused's motion to dismiss Additional Charges I and II and their Specifications [1] because the accused had not been brought to trial within 120 days after imposition of restraint under R.C.M. 304, as mandated by R.C.M. 707(a). The second was the military judge's ruling granting the accused's motion *in limine* which precluded the Government from offering evidence of the facts and circumstances of the dismissed additional charges, pursuant to M.R.E. 404(b), to show the accused's identity, intent, and plan regarding the remaining Charge and its Specification.[2]

I

■ Because of our disposition of the appeal taken with regard to the ruling dismissing the Additional Charges and Specifications, an extended discussion of the chronology of events giving rise to the ruling is not necessary. It is sufficient to say that trial counsel did not provide the military judge with a written notice of appeal of the ruling within 72 hours after the ruling was made. R.C.M. 908(b). The military judge had announced his ruling dismissing the additional charges for lack of a speedy trial at about 1846 hours, 9 May, 1985. The court-martial adjourned immediately thereafter and reconvened the following day at 0834 hours. The trial counsel was then asked by the military judge if the "government determined whether or not it wishes to appeal my ruling of yesterday?" The response was "not at this time, your honor." The court-martial then proceeded with matters relating to the remaining Charge and Specification, including the accused's motion *in limine*, the subject matter of the second ruling of the military judge being appealed. It was not until approximately 1141 hours, 14 May, when trial counsel provided the military judge with written notice of the election by the United States to appeal his ruling dismiss-

---

1. Rape, adultery, and assault with intent to commit rape, in violation of Articles 120 and 134, U.C.M.J., 10 U.S.C. §§ 920, 934.

2. Assault with intent to commit rape, in violation of Article 134, U.C.M.J.

ing the Additional Charges and Specifications for want of a speedy trial.[3]

Article 62, U.C.M.J., as amended by the Military Justice Act of 1983, allows the United States an avenue with which to seek review of certain rulings and orders made at trial by the military judge. The Article and implementing R.C.M. 908(b) make it abundantly clear that if the Government elects to appeal a ruling or order of the military judge, the trial counsel shall provide the military judge with a written notice of the election to appeal not later than 72 hours after the ruling or order. We find nothing in the pertinent statutory and Manual provisions authorizing any extension of the time to file the written notice of the election to appeal. The requirement that the decision to appeal be made within 72 hours was not met in this case. As a result, we need not discuss the correctness of the military judge's ruling dismissing the affected charges.

## II

When the court-martial reconvened on 10 May to proceed with the disposition of the remaining Charge and Specification, the trial counsel informed the military judge he intended to offer evidence concerning the offenses that had been previously dismissed. He stated the evidence would be offered pursuant to M.R.E. 404(b) as evidence of other crimes, acts, or wrongs and would be admissible as relevant to prove the identity, intent, and plan of the accused as to the remaining charge before the court. Trial counsel's revelation in this regard prompted trial defense counsel to offer a motion *in limine* seeking to preclude the introduction of such evidence. The military judge, deferring on the question of admissibility, stated "The court can't rule at this time because it has no idea what evidence will be presented or, for that matter, what the facts regarding the charge and specification are." He further stated that he preferred to consider the issue of admissibility of such evidence at

an Article 39(a), 10 U.S.C., § 839(a) session held just prior to the Government's attempt to offer any evidence pertaining to the dismissed charges during the trial on the merits of the case. It is apparent that he felt he would be in a better position to make an informed decision in the matter at that time. However, trial counsel prevailed upon the military judge to rule on the issue presently, before the court members heard any evidence at all, as trial counsel wanted to allude to the evidence in issue during his opening statement to the court members.

The evidence sought to be offered by trial counsel pursuant to M.R.E. 404(b) was to be in the form of two sworn written statements and the verbatim transcript of the Article 32, U.C.M.J., testimony of the victim of the dismissed offenses. These items were before the military judge as Prosecution Exhibits 1, 2, and 5, respectively. Prosecution Exhibits 1 and 2 were executed by the victim to agents of the Office of Special Investigations within five and eight days of the dates of the alleged offenses which were dismissed. It was argued that these two exhibits were admissible as hearsay exceptions under M.R.E. 803(24) and, since the declarant was unavailable, also under M.R.E. 804(b)(5), and that Prosecution Exhibit 5 was admissible as a hearsay exception under M.R.E. 804(b)(1).

After considering evidence and hearing counsels' argument on the issue of admissibility the military judge made certain findings. With regard to Prosecution Exhibits 1 and 2 he found that there was no evidence to show they had equivalent circumstantial guarantees of trustworthiness required as a predicate for admissibility under both M.R.E. 803(24) and M.R.E. 804(b)(5). He then ruled that neither of the exhibits would be admitted into evidence for the purposes sought.

As to Prosecution Exhibit 5, the military judge found that it met the formal requirements for admissibility under M.R.E. as "former testimony" and may be relevant to

---

**3.** The notice of appeal from this ruling was apparently precipitated by the later grant of the

accused's motion *in limine* by the military judge.

show the intent of the accused. However, he concluded that the prejudicial nature of the evidence precluded its admission for consideration by the court members. Immediately thereafter the Government provided the military judge with a timely written notice of appeal from this ruling and proceedings terminated pending disposition of the appeal. R.C.M. 908(b)(4).

Our task is now to determine whether the military judge erred as a matter of law by granting the accused's motion *in limine* denying the Government from introducing evidence of other acts of the accused at the trial. Article 62(b); R.C.M. 908(c)(2).

 We find that the military judge did not err as a matter of law when he denied the Government the use of Prosecution Exhibits 1 and 2 as evidence to show other acts on the part of the accused. One of the requisites for admissibility common to both M.R.E. 803(24) and M.R.E. 804(b)(5) is that any statement being offered into evidence as a hearsay exception thereunder must have "equivalent circumstantial guarantees of trustworthiness." The military judge's finding that neither exhibit had those guarantees was supported by the evidence before him and the applicable law. *United States v. Barror*, 20 M.J. 501 (A.F.C.M.R. 1985); *United States v. Harris*, 18 M.J. 809 (A.F.C.M.R.1984); *United States v. Hines*, 18 M.J. 729 (A.F.C.M.R.1984).

We also find that the military judge did not err as a matter of law when he denied the Government the use of Prosecution Exhibit 5 to show other acts on the part of the accused. He correctly found that the exhibit had the necessary attributes for admissibility as former testimony under M.R.E. 804(b)(1). Based on the evidence before him he properly concluded that the evidence contained in the exhibit was relevant to show the intent of the accused to commit the offense charged but not relevant to show the identity of the accused or a plan on his part to commit the offense charged. *United States v. Brannan*, 18 M.J. 181 (C.M.A.1984); *United States v. Rappaport*, 19 M.J. 708 (A.F.C.M.R.1985). However, he found the relevance of this evidence to be substantially outweighed by the unfair prejudicial tendencies of that evidence. This invocation of M.R.E. 403 gave rise to a discretionary call by the military judge which will not be disturbed by this Court absent an abuse of that discretion. We do not find such an abuse. *United States v. Mukes*, 18 M.J. 358, 359 (C.M.A.1984); *United States v. Teeter*, 16 M.J. 68 (C.M.A.1983); *United States v. Thomas*, 11 M.J. 388 (C.M.A. 1981).

For the reasons stated, the Government motion to reverse the rulings of the military judge granting the accused's motion to dismiss the Additional Charges and Specifications in accordance with R.C.M. 707(e) and granting the accused's motion *in limine* is denied.

HODGSON, Chief Judge, and MURDOCK, Judge, concur.