**UNITED STATES**

v.

**Airman First Class Keith R. WAGGON-ER, FR 278–68–2200, United States Air Force.**

**ACM 24798.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 31 Oct. 1984.

Decided 14 May 1986.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major Kathleen G. O'Reilly and Captain Deborah J. Hudspeth.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., and Major David F. Barton.

Before SESSOMS, MURDOCK and CARPARELLI, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A general court-martial, consisting of officer members, convicted the appellant of distribution of cocaine and marijuana, distribution of methamphetamine over a four month period, use of methamphetamine over a seven month period, and possession of methamphetamine and marijuana. The members sentenced him to a dishonorable discharge, eleven years six months confinement, total forfeitures, and reduction to airman basic. He has asserted thirteen errors. Although we do not find merit in any of the assertions, we deem it important to discuss several of the errors, particularly the one dealing with attorney discipline and ethics.

### I

▮▮ The appellant asserts that he was denied effective assistance of counsel because his civilian attorney was suspended from the practice of law at the time of trial. At trial, the military defense counsel introduced the civilian defense counsel to the court and stated that "to [his] knowledge [the civilian attorney] is a member of the bar of California and is currently practicing in private practice in Victorville, California." At the conclusion of this introduction the military judge asked the civilian counsel whether the statement by the military defense counsel was correct. He replied "That is correct." A document filed by appellate defense counsel indicates that the civilian defense counsel was suspended by the California Supreme Court for non-payment of fees from November 1978 until May 1979, when his fees were paid and he was reinstated. He was again suspended for non-payment of fees in July 1980. This second suspension lasted until 13 December 1984, six weeks after the appellant's court-martial ended.

R.C.M. 502(d)(3) lists the qualifications of individual military and civilian defense counsel. It states:

Individual military or civilian defense counsel who represents an accused in a court-martial shall be:

(A) A member of the bar of a Federal court or of the bar of the highest court of a State; or

(B) If not a member of such a bar, a lawyer who is authorized by a recognized licensing authority to practice law and is found by the military judge to be qualified to represent the accused upon a showing to the satisfaction of the military judge that the counsel has the appropriate training and familiarity with the general principles of criminal law which apply in a court-martial.

Although a suspended lawyer may technically be a member of a bar, we believe the only reasonable reading of the requirement for bar membership is that the lawyer be a member in good standing. We do not approve of lawyers who do not meet the requirements of the Manual for Courts-Martial representing military clients, nor do we approve of trial advocates misrepresenting the status of their credentials. Despite our lack of approval, we do not find that the appellant was prejudiced.

Courts generally agree that technical defects in an attorney's status do not alone violate an appellant's Sixth Amendment right to counsel. The defect must be associated with legal inability. *United States v. Hoffman*, 733 F.2d 596 (9th Cir.1984), cert. denied, 469 U.S. 1039, 105 S.Ct. 521, 83 L.Ed.2d 409 (1984); *Johnson v. State*, 225 Kan. 458, 590 P.2d 1082 (1979).

An accused is entitled to a reasonably competent counsel who exercises that competence in his client's behalf throughout the trial. *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir.1978) (en banc), cert. denied, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979); *United States v. Jefferson*, 13 M.J. 1 (C.M.A. 1982). The Court in *Jefferson* stated that the defense had been vigorous and aggressive, and that there was evidence of diligent pretrial preparation by the defense counsel. We find the same active participation at trial by the appellant's civilian counsel. The appellant was not prejudiced by his attorney's failure to pay his bar fees. In an analogous case

involving an attorney who was a member of the state bar but not of the federal bar in his area, the Court stated "It is inconceivable that the failure to take this purely formal step caused any prejudice to the appellant." *United States v. Bradford,* 238 F.2d 395 (2d Cir.1956), *cert. denied,* 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546 (1957) and 356 U.S. 927, 78 S.Ct. 717, 2 L.Ed.2d 759 (1958). A further indication of the lack of prejudice to the appellant is the active role played at trial by his detailed military defense counsel, an area defense counsel assigned to Edwards Air Force Base.

▉▉▉ Apart from our consideration of prejudice to this appellant is our responsibility to insure maintenance of the dignity and decorum of the court-martial. U.C. M.J. Art 48, 10 U.S.C. § 848; 28 U.S.C. 1651; R.C.M. 801(a)(2); *McPhail v. United States,* 1 M.J. 457 (C.M.A. 1976). In our view it is unprofessional for an attorney intentionally to misrepresent information about something so germane as that attorney's qualifications and credentials to a military judge. ABA Standards, The Defense Function 1.1(d) (1971). For that reason, we are referring the question of the propriety of the civilian attorney's conduct in this trial to the Judge Advocate General. The Judge Advocate General may wish to consider whether the civilian attorney should be allowed to represent Air Force clients in future Air Force courts-martial. Air Force Regulation 111–1, Military Justice Guide, para 1–8 (1 Aug 1984).

## II

▉▉▉ The appellant next asserts that the military judge erred by admitting, before findings, extracts of Drug Enforcement Administration pamphlets which discuss the drugs involved in this case. It is not error to admit properly edited copies of these pamphlets to assist the court in identifying the substances involved. *United States v. Houston,* 4 M.J. 729 (A.F.C.M.R. 1978), *pet. denied,* 5 M.J. 22 (C.M.A. 1978). However, advocates should be aware of the caution in *United States v. Harris,* 18 M.J.

809 (A.F.C.M.R. 1984) concerning the relevancy of this material, particularly before findings. Introducing this material did not prejudice the appellant because the other evidence of his involvement with these drugs was so extensive. This does not change the fact that information concerning the history, social implications, and possible future effects of these drugs has nothing to do with findings of guilt. As is the case with any evidence, if extracts from Drug Enforcement Agency pamphlets are used in a court-martial they must be carefully edited to avoid introducing extraneous and unfairly prejudicial material.

## III

▉▉▉ The appellant asserts that it was error to admit a notebook which agents found on a washing machine in the appellant's off-base quarters. Specifically, he questions its relevancy when a document examiner could not positively identify the handwriting as his, no notations were shown to relate directly to any of the charged offenses, and the appellant was not the only adult occupant of the house. We find no merit in his assertions.

The appellant lived off-base in a house he shared with his wife and a child. The civilian detective who conducted the search of the quarters testified that these three were the only ones living in the house at the time of the search. The charges in this case include distribution of methamphetamines, cocaine, and marijuana at diverse times over nearly five months. The notebook entries are grouped into day-of-the-week sections which are undated. The entries themselves consist of weights (listed in grams) and money amounts (listed as "cash" or "owe"). When a case involves drug distribution over a long period of time, it is reasonable to assume that a list of possible drug transactions would relate to the charges. This is true even if no specific event in the book can be traced to a specifically proved drug transaction.

Turning to the more difficult question of whether the appellant had knowing possession of the notebook, we find no reason to

overrule the trial judge. The Court of Military Appeals has recognized that

> where a person is in nonexclusive possession of premises, it cannot be inferred that he knows of the presence of drugs or had control of them unless there are other incriminating statements or circumstances. However, "presence, proximity or association may establish a prima facie case of drug possession when colored by evidence linking the accused to an ongoing criminal operation of which that possession is a part." (citing *United States v. Staten*, 189 U.S.App.D.C. 100, at 107, 581 F.2d 878, at 885 (1978))

*United States v. Wilson*, 7 M.J. 290 (C.M.A. 1979).

In some cases involving constructive possession we have refused to allow evidence to be admitted where it did not link the accused to the evidence in question. *United States v. Adam*, 20 M.J. 681 (A.F.C.M.R. 1985), *pet. denied*, 21 M.J. 103 (C.M.A. 1985). In the present case, however, there are enough similarities between the notebook entries and the charges to allow the judge to consider the notebook relevant. *United States v. Traveler*, 20 M.J. 35 (C.M.A. 1985). The military judge determined that the notebook was relevant to the charges. We agree. Mil.R.Evid. 402, 403, and 404; *United States v. Mukes*, 18 M.J. 358 (C.M.A. 1984).

For the same reason, we reach the same conclusion on the appellant's assertion that there is insufficient evidence of marijuana possession to support conviction of Charge I, Specification 2. This Specification is based on a baggie of marijuana which was found on the counter between the kitchen and dining room of the appellant's off-base quarters. Contrary to the appellant's assertion, we find sufficient other evidence of his involvement with marijuana to warrant associating this marijuana with him even though it was found in an area that was not under his exclusive possession or control.

## IV

■ Appellant asserts that the military judge erred by admitting three statements of an informant-witness as past recollection recorded. We disagree. In order to introduce a statement as past recollection recorded it must be shown that

> a. The memorandum or record concerns a matter about which the witness once had knowledge,
>
> b. That the witness now has insufficient recollection to enable the witness to testify fully and accurately,
>
> c. That the memorandum or record is shown to have been made by or adopted by the witness when the matter was fresh in the witness' mind, and
>
> d. That the memorandum or record correctly reflects the witness' knowledge at the time recorded.

Mil.R.Evid. 803(5).

The three statements being challenged here meet this test. Through his testimony the witness demonstrated that he once knew all about these incidents. At time of trial however, his memory about some specifics, such as dates, had faded. Both the witness and his controlling Air Force Office of Special Investigations (AFOSI) agent testified that the witness periodically authored written statements after he had been involved in an action with the appellant. Finally, the statements appear to be a correct recording because, for the most part, they agree with the parts of his story he can still remember.

## V

■ The appellant asserts that the military judge erred by not releasing the notes of all the AFOSI agents involved in the case. In a related issue he claims he has been deprived of effective assistance of counsel because the notes were sealed and this Court denied a motion by appellate defense counsel which would have allowed appellate counsel access to the notes. Both of these assertions are without merit.

All the notes concerning this case which were prepared by AFOSI agents who testified at trial were released to the defense. It was only those notes prepared by agents

who did not participate in the court-martial that were withheld. This was proper. R.C.M. 701; R.C.M. 914; *Reed v. United States*, 379 A.2d 1181 (D.C.1977).

## VI

We have considered the other assertions of error, including those in the letter submitted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings and the sentence are

AFFIRMED.

SESSOMS, Judge and CARPARELLI, Judge, concur.